## LONGORIA MORENO v. THE STATE.

### No. 2647.   Decided October 22, 1913.

**1.—Occupation—Intoxicating Liquors—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence sustained a conviction under a proper charge of the court, there was no error.

**2.—Same—Indictment—Precedent.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the indictment followed approved precedent, the same was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372.

**3.—Same—Evidence—Declarations and Conduct of Defendant.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, there was no error in permitting the State to show that defendant resisted arrest and drew a dirk to cut the officers. Following Mitchell v. State, 52 Texas Crim. Rep., 37.

**4.—Same—Name of Defendant—Charge of Court.**

Where defendant refused to suggest her proper name, and there was no question about her identity, there was no error in the court's failure to charge the jury to find defendant not guilty because her name was different from the name under which she was indicted.

**5.—Same—Sale—Occupation.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, where the evidence sustained the allegations in the indictment, the defendant's contention that she should have been prosecuted for the sale of intoxicating liquors was untenable.

**6.—Same—Definition of Occupation—Charge of Court.**

Where the court properly defined the statute with reference to engaging in the occupation of selling intoxicating liquors, even more favorably than required by law, there was no error in the court's refusal of a requested charge on this point that defendant must be engaged in such occupation as her principal business, etc.   Following Creech v. State, 70 Texas Crim. Rep., 229.

**7.—Same—Interpreter—Bill of Exceptions.**

In the absence of a bill of exceptions, the question that the interpreter for the witnesses was not legally sworn could not be considered on appeal; besides, the record showed that he was sworn as required by law.

8.—Same—Venue—Sufficiency of the Evidence.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sufficiently proved the venue as alleged in the indictment, there was no error.

Appeal from the District Court of Medina. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was indicted and convicted for pursuing the business or occupation of selling intoxicating liquors in prohibition territory. The penalty was fixed at two years in the penitentiary,—the lowest prescribed by law.

The evidence by the State is clear and ample, showing her guilt. In addition to showing the specific sales alleged in the indictment, it showed a large number of other sales about the same time and that she kept whisky in considerable quantities,—not only at her restaurant, but at her residence. At the very time she was arrested in this case, a search of her restaurant was made and many bottles of whisky, concealed in various places about the restaurant, were found.

The indictment follows the statute and has uniformly been held sufficient by this court. Slack v. State, 61 Texas Crim. Rep., 372, and a large number of cases decided since then. The court, therefore, did not err in overruling her motion in arrest of judgment, claiming the indictment was insufficient.

The testimony by the State, showing that she resisted arrest at the time she was arrested for this offense, drew a dirk and cut the officers who were arresting her, was clearly admissible. (Mitchell v. State, 52 Texas Crim. Rep., 37.) And the court correctly declined to give appellant's special charge that such evidence should not be considered by the jury.

She also requested charges to find her not guilty because her name was different from the name under which she was indicted. The court, in allowing appellant's bills to his refusal to give such charges, explained that when the question was raised he informed defendant's counsel that if he or the defendant herself desired the indictment and the record changed so that she could be tried or prosecuted under the name she desired that he would have the correction or the change made as she wished. The appellant's attorney replied that he did not and was not making any such motion or request. Our statute, articles 560-61, Code of Criminal Procedure, prescribe that if the defendant, or his counsel, suggests that he bears some name different from that stated in the indict-

ment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment. And if he alleges that he is not indicted by his true name and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true, and the defendant shall not be allowed to contradict the same by way of defense. There was no question as to appellant's identity—that she was the party indicted. So that the court's refusal to charge an acquittal on the ground stated was correct.

The appellant's contention that she should have been prosecuted for making the several single sales of intoxicating liquor, and could not be prosecuted for pursuing the business or occupation, is not the law and has repeatedly and uniformly been so held by this court. By the testimony, under the law, she was clearly shown to have engaged in and pursued the occupation or business of selling intoxicating liquors in violation of the prohibition law, which was in force where the sales were shown to have been made. It was a prerequisite to her conviction for this offense that the State to allege and prove, which it did, that she made at least as many as two specific sales as required by the statute.

The court should have refused, as he did, to give appellant's special charge, defining what the statute means by "engaging in or pursuing the business or occupation" of selling intoxicating liquors, to the effect that she must be engaged in that business as her principal business or in some way as a business proposition, etc. The court, in his main charge, had told the jury that the said terms meant that the party charged actually engaged in the business of selling liquor as a trade or vocation and for a livelihood, but that it was not necessary for the State to establish that the defendant followed such a business or occupation as her principal or exclusive business. Then, in addition, gave one of appellant's special charges on this subject to the effect that what is meant by said term is the calling, trade, vocation or business which one engages in to procure a living, or obtain wealth. Even these charges were more liberal to the appellant than was authorized by said statute as has repeatedly been held by this court. Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 282, and cases there cited.

Appellant by his motion for new trial attempts to raise the question that the interpreter for the witnesses was not sworn according to law. This question could only be raised by bill of exceptions. However, the order of the court in this case on that subject specifically shows that the interpreter was sworn as required by law.

He also claims, by his motion for new trial, that the State failed to prove that the alleged sales were made in commissioners precinct No. 4, Medina County, in the State of Texas. The testimony of each witness who testified on the subject,—and there were several,—shows that appellant made the specific sales of intoxicating liquor in the town of

Devine and that she lived there, and that her restaurant and residence were in Devine. The city marshal of Devine testified pointedly that Devine was in Medina County and in commissioners precinct No. 4 of said county. The appellant expressly admitted that the sale of intoxicating liquor was prohibited under the law in said commissioners precinct and that all the orders with reference to the matter and the allegations in the indictment with reference to that matter are true, and that said law was in force at the time this offense is alleged to have occurred. The indictment makes all the necessary and proper allegations as to the order of the Commissioners Court ordering such election for said precinct; that it was held, prohibition carried, proper notice and publication thereof made and the order of said court in terms of law prohibiting the sale of intoxicating liquors in said precinct.

No error whatever is shown in this case. The judgment is affirmed.

*Affirmed.*