### ARON MILLS v. THE STATE.

#### No. 3153.   Decided June 3, 1914.

**Burglary—Suspended Sentence—Functions of Jury—Verdict.**

Where, upon trial of burglary, the question of suspended sentence was properly submitted to the jury, who failed to agree upon that issue, although they agreed upon the guilt of the accused, the verdict was incomplete and the court's action in receiving such verdict was reversible error. Distinguishing Roberts v. State, 158 S. W. Rep., 1003, and other cases.

Appeal from the District Court of Rusk.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary and a failure to agree upon the question of suspended sentence.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for burglary. He in proper time filed his plea to suspend his sentence, and plead guilty.

There is no statement of facts. For the question raised that was unnecessary.

By proper bills and the charge of the court, it is shown that the court submitted to the jury in a proper charge for them to determine whether they would suspend his sentence. The jury promptly, upon going out, unanimously agreed upon his guilt and fixed his punishment at two years confinement in the penitentiary, but they could not and did not agree on whether or not his sentence should be suspended. Seven were in favor and five against suspension. After being out practically all day, or perhaps longer, on this question, they reported in open court how they stood as to their verdict, stating to the court the status as shown above. The court, thereupon, himself prepared, had the foreman sign and they all agreed to the following verdict: "We, the jury, find the defendant, Aron Mills, guilty of burglary and assess his punishment by confinement in the penitentiary for two years. We further find that defendant

has never in this State or any other State, been convicted of a felony and we can not agree on the suspense of sentence issue, seven being in favor of suspending sentence and five against." The court, thereupon, received the verdict and sentenced the appellant to confinement in the penitentiary for two years and did not suspend his sentence.

In the cases of Roberts v. State, 71 Texas Crim. Rep., 77, 158 S. W. Rep., 1003; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846, and King v. State, 72 Texas Crim. Rep., 394, 162 S. W. Rep., 890, this court held that the trial court could not suspend the sentence, unless the jury expressly so recommended. In each of those cases, and perhaps others following them, the verdicts showed that the jury found that the defendant had not theretofore been convicted in this or any other State of a felony, but made no finding that the sentence should be suspended, nor did their verdicts indicate that the jury had not passed upon the question. But not recommending suspension, the lower court must have held thereby the jury found against suspension, and this court so presumed and followed the lower court. Under that state of facts, appellants in those cases made a motion to have the judge suspend the sentence, which he refused, and this court in each of those cases held that the judge could not suspend the sentence, unless the jury so found. Neither of those cases presented the question raised in this case. Here the verdict expressly states that the jury made no finding on the question at all,—not that they omitted to recommend suspension of sentence,—but that they failed and refused to agree upon that issue.

There is no question but that under our suspended sentence law the court can not suspend the sentence except the jury expressly so find. The court can not pass upon the question. The jury must do so. The suspension of the sentence is a very valuable right to one convicted. In every case where an accused properly files a plea for suspended sentence under the statute, the court should require the jury to find one way or the other thereon. If they fail to agree upon that issue, even though they do agree upon the guilt of the accused and upon the number of years to be assessed against him, yet, when, as in this instance, the verdict itself and the facts and record affirmatively show that the jury failed to agree upon it, it is an incomplete verdict and is the same, in effect, as if the jury failed to agree upon the number of years to be assessed, though each one should agree upon the guilt of an accused. When a jury, as in this instance, expressly fail to agree upon the verdict in this particular and so report to the court, and the court is satisfied that they can not agree or will not, then he should discharge the jury and retry the case before another jury, the same as if the jury hung on any other issue in the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*