### HANDY WALKER v. THE STATE.

No. 3235.   Decided October 14, 1914.

**1.—Manslaughter—Suspended Sentence—Motion for New Trial.**

Where the defendant properly filed his plea for a suspended sentence and the court submitted the same to the jury and the jury returned a verdict finding defendant guilty of manslaughter, ignoring the question of a suspension of sentence, and defendant, for the first time, raised this question in his amended motion for new trial, the same came too late, and there was no error in overruling the motion.

**2.—Same—Presumption—Practice on Appeal.**

Where the jury failed to make any recommendation as to defendant's plea of suspension of sentence, the presumption is that they refused to recommend same. It is otherwise where the jury can not agree upon the question of suspension of sentence and the verdict itself shows this fact and a proper and timely objection is made before the jury is discharged. Following Mills v. State, 74 Texas Crim. Rep., 137, 168 S. W. Rep., 88, and other cases.

**3.—Same—Evidence—Declarations of the Defendant.**

Upon trial of murder and a conviction of manslaughter, there was no error in admitting in evidence defendant's declarations made several hours after the killing that he was not going to be arrested, and that all he wanted was a shot at the constable.

**4.—Same—Aggravated Assault—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the evidence did not raise the issue of aggravated assault, there was no error in the court's failure to charge thereon; the court submitting a charge upon all the issues raised in the case. Following Hatton v. State, 31 Texas Crim. Rep., 586, and other cases.

Appeal from the District Court of Navarro.   Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hawkins Scarborough* and *W. W. Balley,* for appellant.—On question of suspended sentence:   Wright v. State, 27 Texas Crim. App., 447, and cases cited in opinion.

On question of admitting declaration of defendant: Brittian v. State, 47 Texas Crim. Rep., 597; Pryse v. State, 54 id., 523.

On question of court's refusal to charge on aggravated assault: Ashley v. State, 58 Texas Crim. Rep., 420, 126 S. W. Rep., 589; Scott v. State, 60 Texas Crim. Rep., 318, 131 S. W. Rep., 1072.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of manslaughter for killing his wife and his punishment fixed at three years in the penitentiary.

He properly filed his plea for a suspended sentence. The court submitted the question to the jury and told them that if they found him guilty and assessed his punishment at five years or less, to find—first, if he had ever been convicted of a felony in this or any other State; second, whether his reputation was good or bad, and if they found both of these questions in the affirmative that they could, in their discretion, if they saw fit, recommend that his sentence be suspended, and if they so desired to so state in their verdict. The jury returned a verdict merely finding him guilty of manslaughter and assessing his punishment at three years, saying nothing about the question of the suspension of his sentence. This verdict was received. He made no objection whatever to it at the time, nor did he then in any way seek to have the jury find a verdict on said issue or any of the matters necessary to find in his favor thereon. The verdict was rendered May 6, 1914. On May 8, he filed his motion for a new trial, but at that time and therein, made no complaint whatever about the verdict as to suspension of sentence. For the first time, on May 16, 1914, in his amended motion for new trial he complains in this particular.

It would have been proper for the jury to specifically find, as directed by the court, on this question and in the several particulars as told by the court, but he can not sit by and have the verdict received and the jury discharged and when it is too late for the court to properly remedy the matter in the trial, complain of the failure of the jury to find on said matters. This court in many cases has held that where the court submitted the suspended sentence to the jury and the jury made no finding thereon, or where they found that he had not before been convicted of a felony and that his reputation was good, but failed and omitted to make any recommendation of the suspension of the sentence, that the presumption was that the jury refused to recommend a suspension, and have all the time sustained such verdicts and judgments. Roberts v. State, 71 Texas Crim. Rep., 77, 158 S. W. Rep., 1003; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846; King v. State, 72 Texas Crim. Rep., 394, 162 S. W. Rep., 890; Bowen v. State, 72 Texas Crim. Rep., 404, 162 S. W. Rep., 1146; Cook v. State, 165 S. W. Rep., 573.

In a still more recent case, Mills v. State, 74 Texas Crim. Rep., 137, 168 S. W. Rep., 88, we held, in effect, that when it was shown by proper bill, as it was in that case, that the jury could not agree as to a finding on the suspension of sentence, and the verdict itself showing that fact, that it was error for the court to refuse to require a finding or grant a new trial when he received such verdict. But, as is stated in that case, proper objection was timely made and the fact shown that the jury could

not agree upon that issue and expressly so stated in their verdict, but that case is no authority for setting aside the verdict in this case because no objection was made at the proper time, and the record nowhere, even now, shows that the jury failed or refused to agree upon that issue.

Several hours, perhaps five, after the killing, appellant told Otto Simmons that he was not going to be arrested; that all he wanted was one shot at the constable—a white man. The court, over appellant's objection that this evidence was not res gestae, and irrelevant, immaterial and inadmissible, properly admitted it. Evidence of resisting an arrest is always admissible against an accused. Mitchell v. State, 52 Texas Crim. Rep., 37; Moreno v. State, 71 Texas Crim. Rep., 460, 160 S. W. Rep., 361. And, of course, a threat to do so is likewise admissible. The question of res gestae does not apply. Such evidence is an admission by an accused, whether res gestae or not.

The only other question urged by appellant is that the court erred in refusing to submit to the jury a proper charge on aggravated assault. There was no error in this. The evidence in no way raised or suggested this offense. The State's case, without question, raised only an unlawful homicide—murder. That of appellant raised only the question of manslaughter and accidental killing. The court submitted both of these issues, and in addition negligent homicide. The jury found against appellant on both negligent homicide and accidental killing, and found him guilty of manslaughter. The evidence shows that deceased and appellant were husband and wife, she rather a young woman, he rather an old man. Trouble arose between them. He claimed that she was guilty of improper conduct with another negro man. Their differences resulted in their mutual separation. They divided their property and deceased went back to her former home, he remaining where he was, or going elsewhere; that on the day of the killing he passed the house where deceased was some 200 yards; she and her woman companion seeing him do so. After he had got that distance, he turned, came back to the house with his gun loaded and the two women in the house did all they could to prevent his entering it. He demanded that his wife should come out. She refused. He then attempted to force the door open. The two women resisted this. He shot, either through the door, or the wall of the house right at it. He claims it was accidentally. The facts would justify the jury to believe, purposely. When this shot was fired, the two women left that door. He ran around the house to the other side and forced an entrance through another door. The two women tried to avoid his shooting them, the deceased seeking to get, and remain behind the other woman. In their struggles they ran over a stove and fell upon the floor. The other woman succeeded in getting up. The deceased did not. From the State's side, the appellant then, while his wife was lying on the floor helpless, deliberately pointed his gun at her, shot her in the back with a shotgun and killed her. He claimed that he struck her with the gun while she was on the floor and that it was accidentally discharged.

That he did not intend to kill her. As soon as he killed her he left the house and went away. There can be no question but that this evidence and none of the other, which is unnecessary to recite, raised or suggested the issue of aggravated assault. Hatton v. State, 31 Texas Crim. Rep., 586; Yzaguirrie v. State, 48 Texas Crim. Rep., 514.

The judgment is affirmed.

*Affirmed.*