Collier Griffin v. The State.

No. 5749.   Decided April 7, 1920.

**1.—Theft of a Hog—Possession—Requested Charge—Accustomed Range.**

Where, upon trial of theft of a hog, the evidence showed that the animal had wandered from his accustomed range, and the defendant contended that it was not in the possession of the alleged owner at the time, and requested a charge that hogs not in the accustomed range would not be in the pos-session of their owner, the same was correctly refused; as it was shown that the animal was in the care, control and management of the alleged owner. being on its accustomed range up to a comparatively short time before the alleged theft and had only recently wandered away.

**2.—Same—Ownership—Rule Stated.**

Unless possession of some one other than the real owner be shown in a case where the animal has recently wandered away out of its accustomed range, it is proper to allege ownership and possession in such real owner if known. Following Alford v. State, 31 Texas Crim. Rep., 299 and other cases, and if the owner be not known to the grand jury, the ownership may be alleged in an unknown owner.

**3.—Same—Evidence—Motive—Other Transactions—Bill of Exceptions.**

Where, upon trial of theft of a hog it was shown that the slaughtered carcasses of four hogs were found hanging in the smokehouse of defendant while the officers attempted to make a search of the premises and defendant personally, and some other parties immediately drew their pistols and began

shooting at the officers and members of the searching party, such facts were admissible in evidence; besides the bill of exceptions was defective. Following Mitchell v. State, 52 Texas Crim. Rep., 37.

**4.—Same—Evidence—Good Faith—Requested Charge.**

Where, upon trial of theft of a hog, the defendant claimed the same as his property, the court should have submitted a requested charge on the question of good faith, as the court's main charge failed to submit this question and was duly excepted to; and this although there was testimony that the defendant had said that these hogs were "strays," as this was a question of facts for the jury.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of theft of a hog; penalty, fours years in the penitentiary.

The opinion states the case.

*J. M. Hansbro* and *Earle Adams,* for the appellant.—On question of claim of right: Lee v. State, 55 Texas Crim. Rep.; 379; Evans v. State, 55 id., 450; Richard v. State, 127 S. W. Rep., 824; Abrigo v. State, 178 S. W. Rep., 518.

On question of admitting shooting affair.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of San Jacinto County, of the offense of the theft of a hog, and his punishment fixed at confinement in the penitentiary for a term of four years.

It appears from the testimony, that appellant lived some five or six miles from the owner of the alleged stolen hog, and that a bunch of hogs, claimed by the State to belong to the alleged owner—one Knight—had wandered from their accustomed range; and one of the questions raised by appellant is, that in such case, if the hog was taken at all, it was not in the possession of the alleged owner at the time. A special charge was asked, to the effect that hogs, in their accustomed range, are in the possession of their owner, but if not in such range, the possession of their owner would not extend to them. We think this special charge was properly refused. The hog was shown by the State's testimony, to have been in the care, control, and management of the alleged owner, and on his range up to a comparatively short time before the alleged theft, and to have recently before said taking, wandered a few miles from the home of the said owner. Unless possession of some one other than the real owner be shown in some way in such case, we think it proper to allege ownership and possession in such real owner, if known. It is held in a number of cases that livestock cannot of their own volition, change owners. Al-

ford v. State, 31 Texas Crim. Rep., 299; Denton v. State, 69 S. W. Rep., 142; Taylor v. State, 75 S. W. Rep., 35. That the owner is out of the State when the property is stolen, will not change the possession from him, if he did not leave said property in the care, control. and management of another, or if the actual care, control and management of another has not supervened. Webb v. State, 44 S. W. Rep., 498; Parks v. State, 89 S. W. Rep., 1064. We are of opinion that an animal on the range or commons, is in the possession of its owner, if such owner be the last person exercising care, control, and management of said animal before same is taken. Of course, if the name of the true owner be not known to the grand jury, and same cannot be ascertained. by them, it would be proper in such case to allege ownership and possession in an unknown owner.

Some days after the alleged theft, the slaughtered carcasses of four hogs were found hanging in the smokehouse of appellant. After an examination by the searching party, appellant was arrested, and an attempt made to search him, whereupon he said to a number of other parties present,. "Here, now, boys, get your guns," and immediately he and some other parties drew their pistols and began shooting at the officers and members of the searching party. All this evidence was admitted over objections, which objections do not seem to be properly preserved and here presented by bills of exception, it appearing from the statement of facts that various objections were made and overruled by the trial court, he stating at the time that appellant could have his bill. Our statutes are plain on this point, and the requirements for bills of exception are therein set forth and discussed, but in view of the fact that this case must be reversed for another reason, and of the fact that said testimony may be offered again, we deem it proper to mention this matter. Such evidence is held admissible. Mitchell v. State, 52 Texas Crim. Rep., 37.

The identification of the carcass of the alleged stolen hogs, was by means of their earmarks, aided by the finding of some spots on one of them. It appears from the testimony that appellant had a number of hogs on the range, and that he claimed to have been giving the same marks found in the ears of the alleged stolen hogs, said marks having been given for his son, according to his statement, for about two years. When the searching party went to his premises on the occasion in question, they told him they had a search-warrant, and he replied that they did not need any, and escorted them to his smokehouse, and told them to examine the hogs. The ears of the hogs hanging in the smokehouse were intact, and no attempt had been made to disguise or change the marks. Mr. Knight, the alleged owner, after testifying that he identified two of said hogs as his, stated on cross-examination, as follows: "This negro said they were his hogs. He claimed them as his . . . He made no objection to my examining them, and he claimed them as his—claiming them for his hogs—he claimed the hogs as his boy's." Further, the witness Knight testi-

fied to having a civil suit with appellant over the possession of the hogs thereafter; that he claimed them, and appellant claimed them. In this condition of the record, it appears beyond question that appellant was entitled to have the jury instructed substantially that if he took said hogs, believing in good faith that they belonged to him, or to his boy, he would not be guilty of the theft.

The main charge of the trial court was excepted to by appellant, because of the failure to instruct the jury that if defendant took said hog under an honest claim of right, and believing it to be his property, even though mistaken, he would not be guilty of theft; and the following special charge was asked by appellant:

"Although the jury may believe from the evidence that the hog belonged to Knight, yet if the jury believe (or have a reasonable doubt in the matter) that defendant took the hog, believing honestly at the time of the taking, that it was his hog, then the essential element of fraudulent intent would be lacking, and the defendant should be acquitted."

An examination of the charge of the court discloses that no affirmative presentation of this defensive theory appears therein, said charge merely following the usual form for such theft. In our opinion, such charge, or one embodying this defense, should have been given. The question of whether such taking was in fact under an honest claim or right, is one for the jury.

There was testimony in the case that appellant had spoken of this particular bunch of hogs, after they came into his neighborhood, as "strays," and as wondering to whom they belonged; but all this is matter to be considered by the jury, and would not justify the trial court in refusing to charge the law on all the issues raised by the testimony.

For the error mentioned, the judgment of the trial court will be reversed, and the cause remanded.

*Reversed and remanded.*