### Albert Klein v. The State.

No. 9533. Delivered November 18, 1925.

**1.—Possessing Intoxicating Liquor—Indictment—Held Sufficient.**

Where an indictment charges possession of spirituous, vinous and malt liquors, for the purpose of sale, it is sufficient, and it need not allege the particular kind of liquor. This question has been decided against appellant's contention in the case of Trevino v. State, 92 Tex. Crim. Rep. 140 and other cases cited.

**2.—Same—Evidence—Practice in Trial Court.**

Where evidence offered that the wife of appellant was a frail, delicate, weak and sickly woman, and when offered was excluded because not

then material, and after the wife had testified and raised the issue that the liquor was for her use, as medicine, the court then offered to admit the excluded evidence, but appellant declined to avail himself of the opportunity thus offered, no error is shown.

### 3.—Same—Evidence—Conduct of Accused—Properly Admitted.

Where it was shown that officers had gone to the home of appellant with a search warrant, and after reading same to him, the sheriff entered the house and told appellant to remain outside with another officer, the conduct of appellant in resisting the efforts of this officer to prevent him from entering the house while it was being searched, and that he used profane language and called to his wife and others to bring him his gun, was properly admitted. Following Mitchell v. State, 52 Tex. Crim. Rep. 39, and other cases cited.

### 4.—Same—Evidence—Introducing Liquor Found—Not Error.

Where the State, on a trial for possession of intoxicating liquor introduced in evidence before the jury eleven gallons of whiskey, found in appellant's garage, in jugs, said liquor having been identified as the liquor found on his premises, no error is shown.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale. Punishment is one year in the penitentiary.

The judgment charged the possession of spirituous, vinous and malt liquor. The point was made by motion to quash that the indictment did not designate the kind of liquor, and therefore failed to put accused on notice of the particular charge against him. This contention has been settled against appellant. Trevino v. State, 92 Tex. Cr. R. 140, 242 S. W. 242; Mayabb v. State, Tex. Cr. R. 25 S. W. 189; Donaldson v. State, Tex. Cr. R. 260, S. W. 185; DeLaney v. State, Tex. Cr. R. 263, S. W. 1065.

Appellant complains in bills two and three that the court would not permit him to prove by two witnesses that appellant's wife was a frail, delicate, weak and sickly woman. This evidence appears to have been excluded, when offered as being

wholly immaterial · to any issue then appearing in the ·case. The court's explanation to the bills shows that when appellant's wife testified she claimed he had made some of the liquor for her to use as medicine. She was permitted to testify as to her physical condition; that when the issue of having the liquor for medicinal purposes thus came into the case the court advised appellant's attorney that he would admit the evidence which had been theretofore excluded, and appellant declined to avail himself of the opportunity thus afforded. As explained the bills show no error.

The evidence shows that officers armed ˙ with a warrant searched appellant's premises, finding in his residence a quantity of "home-brew" and buried in his garage eleven gallons of whiskey in jugs. After reading the search warrant to appellant the sheriff told him to remain with another officer outside the house. After the sheriff went into the house appellant insisted on also going in, resisted the efforts of the officer to keep him out, used profane language and called to his wife and others to bring him his gun. Under the facts no error occurred in admitting proof of his conduct. Mitchell v. State, 52 Tex. Cr. R. 39, 106 S. W. 124; Moreno v. State, 160 S. W. 361; Walker v. State, 169 S. W. 1156.

Bill number one complains because the State exhibited ˙ before the jury and introduced in evidence the eleven gallons of whiskey contained in the jugs found in the garage. It had been identified as the liquor found there, and was properly received in evidence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*