WILLIAM PRUETT, JR. v. THE STATE.

No. 12825. Delivered December 18, 1929.
Rehearing denied January 29, 1930.
Reported in 24 S. W. (2d) 41.

The opinion states the case.

*Chaney & Parmeter* and *Baskett & DeLee,* all of Dallas, for appellant.

*William McCraw,* Criminal District Attorney and *Andrew J. Priest,* Assistant District Attorney, both of Dallas, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment confinement in the penitentiary for ninety-nine years.

Appellant entered a drugstore in the city of Dallas, exhibited a pistol, robbed the cash register and several persons present. He took one of the parties away with him, admonishing those present that if they reported the affair before he got away he would kill his captive. He later released his prisoner. The foregoing is a brief statement of the testimony on the part of the state. Appellant was positively identified by several of the state's witnesses. Moreover, the coat and other articles found in his possession at the time of his arrest were identified. Testifying for appellant, several witnesses placed appellant at another and different place at the time the offense was committed.

Bill of exception No. 1 presents the following occurrence: Endorsed on the back of the indictment were the names of eight witnesses. Before the case was called for trial appellant filed his motion in writing asking the court to require the state to endorse upon the indictment the names of any additional witnesses the prosecution

expected to use upon the trial, or to furnish counsel for appellant with a list of said witnesses. Responding to the motion, counsel for the state furnished appellant's counsel with a list of certain additional witnesses the state proposed to use. This list did not contain the names of certain witnesses thereafter used by the state. However, after the trial had begun, counsel for the state furnished appellant's counsel a further list. The state used one witness whose name did not appear upon any of the lists furnished appellant's counsel. Appellant objected to the use by the state of the witnesses whose names were not furnished until after the trial began and of the witness whose name was not furnished at any stage of the proceedings. The court overruled the objection and permitted the witnesses to testify. The bill of exception is qualified with the statement that the state did not know that the witnesses would be used until they were called to the witness stand. Appellant relies upon the provisions of Art. 392, C. C. P. which reads as follows:

"The attorney representing the state shall prepare all indictments which have been found, with as little delay as possible, and deliver them to the foreman, who shall sign the same officially, and said attorney shall indorse thereon the names of the witnesses upon whose testimony the same was found."

In the case of Kramer v. State, 29 S. W. 157, this court held the provision of the statute in question to be merely directory, and said that a failure to comply with its provisions was not a ground for excluding the evidence of a state's witness whose name had not been endorsed upon the indictment. See also Williams v. State, 38 S. W. 999. In Jacobs v. State, 34 S. W. 110, Judge Henderson used language as follows:

"As to the indorsement on the bill of indictment of the names of the witnesses, if this was not done, it was competent for the defendant to make a motion to require the prosecuting attorney to indorse them. This was not done, nor is it shown that the indictment did not contain the names of the witnesses indorsed on the back thereof."

The statute goes no further than to provide that the names of the witnesses upon whose testimony the indictment was found be indorsed on said indictment. There is nothing in the bill of exception to show that the eight witnesses whose names were indorsed on the indictment were not the only witnesses upon whose testimony the indictment was found. With the exception of one witness, the names

of the additional witnesses were furnished appellant's counsel, and according to the certificate of the trial judge, it was not known that these witnesses would be used until shortly before they were called to the witness stand. There is nothing in the bill of exception to show that appellant was surprised at the testimony of said witnesses. He made no application for a postponement or a continuance on the ground of surprise. We quote from Shaddix v. State, 235 S. W. 602, as follows:

"Appellant also again urges that the state should not have been permitted to use certain witnesses in rebuttal whose names did not appear upon the indictment, and claims that such testimony was very hurtful to his cause, and was a great surprise to his counsel. Our procedure permits one on trial to make application for a continuance or postponement in the event unforeseen testimony is offered against him, and in case he brings himself within the very reasonable rules laid down in regard to such matters, and his request is refused, this court has reversed; but in the instant case there was no such request, and no effort made to postpone or continue, and if appellant's counsel was surprised to any great extent at the testimony of said witnesses, same is not made known to us in any legal manner. The mere introduction of witnesses whose names or presence are unknown to appellant of itself constitutes no ground for the reversal of cases by this court."

We are of the opinion that the bill of exception, as qualified by the court, fails to reflect error.

It is shown by bill of exception No. 2 that an officer testified, over appellant's objection, that appellant resisted arrest. The objections were that the arrest was made without a warrant and was unlawful; that there was no testimony that the officers had made known to appellant that they intended to arrest him, or for what offense they were arresting him; that appellant did not know for what offense he was being arrested, and did not know that the parties making the arrest were officers; that the officers did not make known to appellant that they were officers. The court qualified the bill of exception as follows: "It was not the defendant's home or residence. The owner of the house invited the officers in. The defendant had committed a felony and was trying to escape, of which the officers had been advised (as testified to by the officers on motion for new trial), and the defendant well knew for what he was being arrested."

Appellant relies upon some expressions found in the case of Chester v. State, 300 S. W. 57. In that case the state proved that

the accused, at the time of his arrest, told the officers to keep their "G—d— hands" off him. Discussing the question, this court said:

"It is admissible to prove that an accused resisted arrest by proof of contemporaneous admissions or conduct, but for same to be admissible as an incriminating fact it should be affirmatively shown that the accused knew or should have known that an attempt was being made to arrest him. We think the testimony was admissible as against the objection that he was at the time under arrest, but it may have been inadmissible for the reason above indicated."

Here the court's qualification affirmatively shows that appellant well knew for what he was being arrested. Moreover, we think it is clear that the arrest without warrant was legal. Art. 215, C. C. P. provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

In Rutherford v. State, 283 S. W. 512, it was held that where it is shown to the officer in the manner prescribed in the statute that an offense has been committed by the person designated, it is the duty of the officer to get a warrant, unless he knows or is advised that the offender is about to escape and there is no time within which to procure a warrant. We quote from Rutherford's Case as follows:

"It is true that the law does not demand that the officer possess superhuman foresight nor that he do more than what comports with reason, taking into account the emergency of the occasion."

See also Cortez v. State, 83 S. W. 812. It is the rule that where a party is sought to be arrested for an offense and resists the arrest that such resistance is a legitimate fact to be proved. Mitchell v. State, 106 S. W. 124; Moreno v. State, 160 S. W. 361; Walker v. State, 169 S. W. 1156; Klein v. State, 277 S. W. 1074; Silver v. State, 8 S. W. (2d) 144.

As shown by bills of exception No. 7 and 8, certain articles were found in the house where appellant was arrested. These articles were introduced in evidence over the objection that the search was illegal because the officers had no search warrant. The qualification appended to the bill of exception shows that the place searched was not appellant's home or residence. He had no interest in the premises. The right to complain because no warrant had been issued for

the search was not available to appellant. In Cornelius on Search and Seizure, section 12, page 62, the rule is stated as follows:

"The right to complain because of an illegal search is a privilege personal to the wronged or injured party and is not available to anyone else."

See also Jenkins, et al., v. State, 299 S. W. 642, and authorities cited.

Bill of exception No. 16 discloses that the court instructed the sheriff to keep three of appellant's witnesses, who had theretofore testified, in the witness room, until complaints charging them with perjury could be filed. It is recited in the bill that when the court gave this direction appellant had rested his case, with the exception that he stated he would possibly use one other witness; that when the sheriff was directed to keep the witnesses in the witness room the jury had been taken to their room and the door closed; that all the witnesses were out of the hearing and presence of the court; that the district attorney was instructed not to file complaints against the witnesses until the case was concluded; that the witness later used by appellant was not in the court room when such action was taken and the jury had no knowledge of same until after they had returned their verdict and been finally discharged. We think it it clear from the recitals in the bill that appellant was not injured by the action of the court. If the direction to the district attorney to file complaints against the witnesses had been taken in the presence of the jury, or in the presence of other witnesses who were thereafter to be called by appellant, a different question would be presented.

Appellant's father testified to an alibi for appellant. After laying a predicate, the state offered in evidence a written statement made by appellant's father to the district attorney, which contradicted his testimony given upon the trial. This impeaching testimony was properly limited in the court's charge. Appellant takes the position that it should have been rejected because said statement was obtained under duress. We deem it unnecessary to decide whether a statement obtained under duress could be used to impeach a witness. We find nothing in the bill supporting the ground of objection. That a witness may be impeached by proof of statements contradictory of the testimony given on the trial when the statement sought to be so impeached is on a material matter is well settled. Bolden v. State, 178 S. W. 536; Druse v. State, 38 S. W. 803; Branch's Annotated Penal Code of Texas, section 174.

We have not discussed all of the questions presented by appellant, but after a careful examination of every contention made by him, we have reached the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—If an indictment have endorsed on it the names of the witnesses upon whose testimony before the grand jury same was found, this is a compliance with the requirement of the statute quoted in our original opinion. It is not denied in this case but that the above rule was met. The State does not know, and in the very nature of things,—can not, what testimony may become necessary in the development of a given case, and this court will doubtless never respond favorably to an appeal for reversal because, as in this case is made certain by the qualification of appellant's bill of exceptions, the State has used witnesses whose names were not on the indictment, and not furnished appellant before the trial began, and the materiality of whose testimony became known for the first time during the trial. There is not even a suggestion of surprise, or injury, in the bill of exception making this complaint.

Officers went to the home of Drew Pruett, an uncle of this appellant, apparently looking for appellant. The uncle gave them permission to search his house. They observed a scuttle hole in the ceiling of the building. One officer, with the assistance of others, climbed through this hole and found appellant above the ceiling armed with a pistol and concealed behind a chimney. An overcoat was there found which had been taken by appellant in the perpetration of a robbery. The officer was asked when on the witness stand, according to a bill of exceptions, if appellant resisted arrest, and over objection answered affirmatively. Every presumption of regularity obtains on appeal unless and until the contrary is shown. Appellant was concealed, and the fact that he was trying to escape or evade arrest seemed apparent. No showing was made in any bill of exception that the officers did not have reliable information from credible sources that appellant had committed a felony and was about to

make his escape. We think this matter correctly decided in our original opinion.

Bill of exception No. 4 is qualified by the trial court with the statement that the cross-examination by the State's attorney was justified by the conduct of appellant while on the witness stand. There is no exception to the qualification. William Pruett, Sr., took the witness stand voluntarily and testified in behalf of his son, this appellant. We perceive no well founded reason for the objection to the introduction of a statement made by said witness while in custody, which was contrary to his testimony given on this trial. He was not under indictment for this offense, nor as far as we can tell for any offense at the time he testified. Objections to the testimony which are argued in the brief, were not made to the testimony when offered. It is not shown that William Pruett, Sr., did not understand or know fully the contents of the written statement signed by him. We have carefully examined each of the contentions made in the motion, and are of opinion that same are without merit.

The motion for rehearing will be overruled.

*Overruled.*