JAMES SMITH V. STATE.

No. 24199. April 13, 1949.

BEAUCHAMP, Judge, dissenting.

No attorney of record on appeal for appellant.

*Stuart B. Lumpkins,* County Attorney, Waxahachie, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

### ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The original opinion herein dated January 26, 1949, is withdrawn and the following substituted therefor:

Appellant plead guilty to a jury on a charge of unlawfully carrying a pistol and his punishment was assessed at one year in the county jail.

Appellant was in a dance hall in the town of Waxahachie. Two policemen were called to the place because of a difficulty between two Negro boys. The dance hall was on the second floor of a downtown building and was made accessible by an outside staiway. One of the policemen ascended it and, when he was inside, observed the appellant, who was carrying a pistol. He took the pistol and escorted appellant down the stairway to where the other policeman was waiting. At this place appellant told the policeman that he was not going to jail; that he was going to see his uncle. A difficulty ensued which resulted in one of the policeman being knocked down by a severe blow while appellant retreated around a corner.

When appellant plead guilty before the jury, the state proceeded to present its evidence and, over objection, introduced several witnesses who detailed all the things that were said and done from the time when he told the officers he was not going to jail with them until he was escorted to the jail and

placed behind the bars. In this he was resisting arrest and committed another and separate offense for which he could have been prosecuted.

The record contains six bills of exception complaining of this evidence. They are not in good form and some of them cannot be considered, but we think it sufficient that they brought before this court a question as to whether or not the trial court committed error in admitting in evidence all of the detailed statements and all of the conduct during the arrest.

Under a long line of authorities, and almost without exception, the general statement is made that the act of resistance of arrest is a legitimate fact to be proved. See Pruett v. State, 114 Tex. Cr. R. 44, 24 S. W. (2d) 41; Chadd v. State, 114 Tex. Cr. R. 1, 23 S. W. (2d) 373.

Appellant was at the door at the head of the stair steps entering the dance hall. He had been seen at the bottom of the steps with a pistol in his hand when he started up the stairway, preparing to enter such hall, at which time he was admonished by the doorkeeper not to enter with the pistol, whereupon he placed the pistol beneath his coat. He was then approached by an officer who grabbed him from behind, disarmed him and told him to come and go to jail, at which time he refused to go, and the difficulty then ensued as the two officers attempted to detain him. He escaped and left the officers who were unable to detain him. Subsequently the officers of the sheriff's department appeared at the Henry James Undertaker Parlor, which was west of, adjacent and adjoining the building in question, where they peacefully took appellant into custody. His head was bloody and his clothes were bloodstained. The said Henry James was a relative of the defendant, James Smith.

An arrest of a person carries with it an element of detention, custody or control of the accused. The mere fact that an officer makes the statement to an accused that he is under arrest does not complete the arrest. There must be custody or detention and submission to such arrest.

In Mitchell v. State, 52 Tex. Cr. R. 37, 106 S. W. 124, which was a burglary case, Judge Davidson held as follows:

"The witness Cox was asked: 'What occurred when you made the arrest?' He replied, speaking of appellant, 'He drew his gun and hit me on the head and we had quite a scuffle.' The objection

was that 'the question was prejudicial.' The court qualifies this by stating 'that the evidence was offered and admitted to show that defendant resisted arrest in this case.' This testimony was legitimate. Where a party is arrested or sought to be arrested for an offense, and he resists the arrest, it is a legitimate fact to be proved."

See Moreno v. State, 71 Tex. Cr. R. 460, 160 S. W. 361, a liquor case, where the accused drew a knife while being arrested and cut the officer. This was properly shown.

In Walker v. State, 74 Tex. Cr. R. 645, 169 S. W. 1156, a murder case, it was shown that several hours after the killing the accused said that he was not going to be arrested. This was held to be admissible.

In the case of Klein v. State, 102 Tex. Cr. R. 256, 277 S. W. 1074, Judge Hawkins said:

"The evidence shows that officers armed with a warrant searched appellant's premises, finding in his residence a quantity of 'home-brew' and buried in his garage eleven gallons of whiskey in jugs. After reading the search warrant to appellant the sheriff told him to remain with another officer outside the house. After the sheriff went into the house appellant insisted on also going in, resisted the efforts of the officer to keep him out, used profane language and called to his wife and others to bring him his gun. Under the facts no error occurred in admitting proof of his conduct," citing the Mitchell, Moreno and Walker cases, supra.

In the case of Silver v. State, 110 Tex. Cr. R. 512, 8 S. W. (2d) 144, a murder case in which the death penalty was assessed, it was shown that when accosted in Oklahoma and while under arrest and when starting back to town, an officer told Silver to get in the officer's car; that accused replied, "Damned if anybody drove his car back"; that the officer said, "No, you are going to ride in this car, and I don't want to have any argument out of you about it." It was also shown that in his confession Silver admitted the possession of the car, the money, and the pistols. This testimony was held to be admissible. In the opinion it was said:

"Where a party is arrested, or sought to be arrested, for an offense, and resists the arrest, it is a legitimate fact to be proved," citing the above cases.

Again, in the case of Chester v. State, 108 Tex. Cr. R. 150, 300 S. W. 57, it was said:

"It is admissible to prove that an accused resisted arrest by proof of contemporaneous admissions or conduct, but for the same to be admissible as an incriminating fact, it should be affirmatively shown that the accused knew or should have known that an attempt was being made to arrest him."

On the subject of "res gestae," it is said in 18 Tex. Jur. p. 294, sec. 179, as follows:

"As long as the transaction continues, so long do the emanating acts and deeds become part of it, so that in describing the transaction in a court of justice they may be detailed."

In the case of Lamb v. State, 75 Tex. Cr. R. 75, 169 S. W. 1158, the accused was on trial for killing one Guest. The state proved that while appellant was attempting to leave the scene of such killing with a pistol in each hand, a constable undertook to arrest him, whereupon he shot the constable. The court there held that his act in shooting the constable was res gestae of the killing of Guest.

In 18 Tex. Jur. p. 305, sec. 190, it is said:

"The res gestae embraces not only the actual facts of the transaction and the circumstances surrounding it, but the matters immediately antecedent to and having a direct casual connection with it, as well as acts immediately following it and so closely connected with it as to form in reality a part of the occurrence. As part of the res gestae the state may prove the commission of other crimes by the defendant at the same time as the crime charged."

Again, in 18 Tex. Jur. p. 78, sec. 39, it is said:

"The fact that the development of a given transaction relied upon by the state as constituting a crime brings out other facts which of themselves constitute an independent crime does not per se make the evidence of such independent crime inadmissible. Thus upon a charge of murder of one person evidence of an assault upon or murder of another which is part of the same affray and of the same res gestae is admissible."

We are not impressed with the fact that the further offense of resisting arrest would be an extraneous offense and therefore not provable under the rule of res gestae. We cite the case

of Salazar v. State, 137 Tex. Cr. R. 448, 131 S. W. (2d) 761, a death penalty case, in which there was shown not only the murder of the person alleged to have been killed, but also the killing of three others, the assault upon a little girl, the kidnapping of a mother and her child and their killing, as well as the kidnapping of another girl and carrying her away. This was said by this court to have come under the rule of res gestae.

Again, in the case of Cernoch v. State, 128 Tex. Cr. R. 327, 81 S. W. (2d) 520, the accused was charged with the murder of Sam Moore, a constable, and received the death penalty therefor. It was also shown therein that he killed Henry Lindsey, city marshal, shot the justice of the peace, and walking out on the street, he reloaded his pistol and threatened more trouble to others. All this was held to be res gestae although they were three separate and distinct offenses.

We do not think that the resistance to an arrest for carrying a pistol is one "that is extra, beyond or foreign to the offense for which the party is on trial." Appellant was being tried for carrying a pistol only, and if under arrest therefor, we are at a loss to see how he could be again arrested by the sheriff's department. He was either under arrest or not under arrest; and it is the writer's opinion that the arrest had not been completed. He had to be taken into custody and detained. While he may have been told that he was under arrest, still when the officer attempted to complete the arrest, appellant refused to submit thereto, and his arrest and detention were not completed. It had to again take place, all the proceedings consuming about five minutes. It must be remembered that by Art. 487, P. C., the officers were authorized to arrest appellant without a warrant which, of necessity, carries with it the authority to do all things necessary to complete the arrest. We think this testimony was admissible because of his resistance and again, under the doctrine of res gestae.

We think that the proceedings relative to his arrest were properly admitted.

Therefore, the state's motion for rehearing is granted, the original opinion is withdrawn and this opinion is substituted therefor, and the judgment of the trial court is now affirmed.

BEAUCHAMP, Judge. I respectfully dissent.