COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-05-150-CR
 
 
KENNETH 
CHARLES PORTER                                                 
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
         
FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
 
I. 
Introduction
 
Appellant 
Kenneth Charles Porter entered a plea of nolo contendere to the offense of 
driving while intoxicated (DWI).  
The trial court entered a judgment of guilty and sentenced him to 120 
days= 
confinement.  In a single point, 
Porter contends that the trial court erred by denying his motion to dismiss for 
want of a speedy trial.  We will 
affirm.

II.  Factual and Procedural Background[2]
On 
May 25, 2003, state troopers responded to a two-vehicle traffic accident and 
found Porter standing outside his vehicle.  
Porter had a split upper lip; he was slurring his speech, was stumbling, 
had bloodshot eyes, and smelled of alcohol.  An ambulance took Porter to the 
hospital, and two troopers followed the ambulance.  At the hospital, one trooper requested a 
blood sample from Porter and read to Porter from a ADIC-24@ 
form, which contains the statutory warnings that are required when an officer 
requests a blood sample from a person who is under arrest for driving while 
intoxicated.[3]  This form reads in part: AYou 
are under arrest for an offense arising out of acts alleged to have been 
committed while you were operating a motor vehicle . . . in a public place while 
intoxicated . . . .@  Porter signed the DIC-24 form and gave a 
blood sample.  


On 
November 30, 2004, the State filed an information charging Porter with DWI.  About a month later, on December 21, 
2004, Porter filed a motion to dismiss and a motion for a speedy trial.  Approximately three months later, on 
March 7, 2005, the trial court held a hearing on Porter=s 
motions.  At the hearing, Porter was 
the only witness to testify.  He 
testified that he was asked to take a breath and blood test.  But in answer to whether anyone had 
informed him that he was in custody at the hospital, he responded, ANot 
to my knowledge.  I wasn=t 
aware that I was being arrested.  I 
mean . . . .@  Porter further testified that the 
trooper did not take him to a police station, did not book him into any city or 
county jail, and that no bond was set at that time.  The trial court denied 
Porter=s 
motion to dismiss the charge against him but granted Porter=s 
motion for a speedy trial.  On April 
15, 2005, Porter entered a plea of nolo contendere, and the trial court entered 
a judgment of guilty. 
III. 
Speedy Trial
In 
his sole point, Porter complains that the trial court erred by denying his 
motion to dismiss for want of a speedy trial.  Specifically, Porter argues that he was 
denied a speedy trial based on the delayCtwenty-one 
monthsCbetween 
his alleged arrest in the hospital on May 25, 2003, and the March 7, 2005 
hearing.  The State argues that 
Porter was not arrested in the hospital on May 25, 2003 and that, accordingly, 
his right to a speedy trial did not attach until the State filed the information 
on November 30, 2004 that charged him with an offense.     


When 
reviewing a trial court=s 
ruling on a speedy trial claim, we review legal issues de novo but give 
deference to a trial court's resolution of factual issues.  Kelly v. State, 163 S.W.3d 722, 
726 (Tex. Crim. App. 2005).  We give 
deference not only to a trial court's resolution of disputed facts but also to 
its drawing of reasonable inferences from the facts.  Id.  When, as here, the defendant does not 
prevail on a speedy trial claim, we presume the trial court resolved any 
disputed fact issues in favor of the State, and we defer to these implied 
findings of fact that the record supports.  Zamorano v. State, 84 S.W.3d 643, 648 
(Tex. Crim. App. 2002).
The 
Sixth Amendment to the United States Constitution guarantees the accused's right 
to a speedy trial.  U.S. Const. amend. VI.  The right to a speedy trial is 
fundamental and is imposed on the states by the Due Process Clause of the 
Fourteenth Amendment.  Barker v. 
Wingo,  407 U.S. 514, 515‑16, 92 
S. Ct. 2182, 2184‑85 (1972); see U.S. Const. amend. XIV.  In addition, article I, section 10 of 
the Texas Constitution guarantees the accused in all criminal prosecutions the 
right to a speedy and public trial.  
Tex. Const. art. I, 
' 
10.  If a violation of the speedy 
trial right is established, the only possible remedy is dismissal of the 
prosecution.  Strunk v. United 
States, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973).  

In 
determining whether an accused has been denied his right to a speedy trial, we 
use a balancing test to weigh the conduct of both the prosecution and the 
defendant.  See Barker, 407 
U.S. at 530, 92 S. Ct. at 2191-92; Dragoo v. State, 96 S.W.3d 308, 313 
(Tex. Crim. App. 2003).  The factors 
to be weighed include the length of the delay, the reason for the delay, the 
defendant's assertion of his speedy trial right, and the prejudice to the 
defendant resulting from the delay.  Barker, 407 U.S. at 530, 92 S. Ct. at 
2192; Dragoo, 96 S.W.3d at 313.  
No single factor alone is necessary or sufficient to establish a 
violation of the right to a speedy trial.  Barker, 407 U.S. at 530, 92 S. Ct. 
at 2192; Dragoo, 96 S.W.3d at 313.
The 
first factor, length of the delay, is measured from the time the defendant is 
arrested or formally accused.  
United States v. Marion, 404 U.S. 307, 313, 92 S. Ct. 455, 459 
(1971); Dragoo, 96 S.W.3d at 313.  
We consider the other three factors only when the delay is long enough to 
be presumptively prejudicial to the defendant.  Emery v. State,  881 S.W.2d 702, 708 (Tex. Crim. App. 
1994), cert. denied, 513 U.S. 1192 (1995).  In general, delay approaching one year 
is sufficient to trigger a speedy trial inquiry.  Doggett v. United States, 505 
U.S. 647, 652 n.1, 112 S. Ct. 2686, 2691 n.1 (1992); Shaw v. State, 117 
S.W.3d 883, 889 (Tex. Crim. App. 2003).

Our 
analysis of Porter=s 
speedy trial claim hinges on whether Porter was arrested on May 25, 2003.  A person is arrested when he is actually 
placed under restraint or taken into custody.  Tex. Code Crim. Proc. Ann. art. 15.22 
(Vernon 2005).  An arrest is 
complete whenever a person=s 
liberty of movement is restricted or restrained.  Hardinge v. State, 500 S.W.2d 
870, 873 (Tex. Crim. App. 1973).  A 
person is in Acustody@ 
only if, under the circumstances, a reasonable person would believe that his 
freedom of movement was restrained to the degree associated with a formal 
arrest.  Dowthitt v. State, 
931 S.W.2d 244, 254 (Tex. Crim. App. 1996); Cagle v. State, 23 S.W.3d 
590, 592 (Tex. App.CFort 
Worth 2000, pet. ref=d) 
(op. on reh=g).  AThe 
mere fact that an officer makes the statement to an accused that he is under 
arrest does not complete that arrest.  
There must be custody or detention and submission to such 
arrest.@ 
 Medford v. State, 13 S.W.3d 
769, 772-73 (Tex. Crim. App. 2000) (quoting Smith v. State,153 Tex. Crim. 
230, 232, 219 S.W.2d 454, 456 (1949)).

The 
taking of a blood sample is generally a search and seizure under the United 
States and Texas Constitutions.  
See Schmerber v. California, 384 U.S. 757, 767, 86 S. Ct. 1826, 
1834 (1966); Aliff v. State, 627 S.W.2d 166, 169 (Tex. Crim. App. 
1982).  An officer requesting a 
blood sample must give statutory warnings, which are contained in the DIC-24 
form, only if the person is under arrest.  
See Tex. Transp. Code Ann. 
'' 
724.002 (Vernon 1999), 724.015; Nottingham v. State, 908 S.W.2d 585, 588 
(Tex. App.CAustin 
1995, no pet.).  But under certain 
circumstances, the taking of a blood sample without a warrant or consent is not 
an unreasonable search and seizure and does not violate the Fourth Amendment or 
article 1, section 9 of the Texas Constitution.  See Aliff, 627 S.W.2d at 170 
(holding that taking of blood sample from person not under arrest does not 
violate the Fourth Amendment when officers have probable cause to arrest, 
exigent circumstancesCsuch 
as the rapid rate at which alcohol dissipates from the blood, and a reasonable 
method of extraction).  

Several 
courts of appeals have held that the reading of the statutory warnings in the 
DIC-24 form constitute an arrest because a reasonable person would not feel free 
to leave after being told by a police officer that he was under arrest.  See, e.g., Nottingham, 908 S.W.2d 
at 588 (holding that officer arrested defendant when, pursuant to the DIC-24 
warnings, he told defendant that she was under arrest); Bell v. State, 
881 S.W.2d 794, 799-800 (Tex. App.CHouston 
[14th Dist.] 1994, pet. ref=d) 
(holding that reading of DIC-24 warnings constituted some evidence that 
defendant was under arrest);  
Garcia v. State, No. 07-99-0210-CR, 2000 WL 715925, at *2 (Tex. 
App.CAmarillo 
June 2, 2000, pet. ref=d) 
(not designated for publication) (holding that trial court did not err by 
finding that arrest occurred when officer read DIC-24 form and stated that 
defendant=s 
consent was unnecessary). But see Combest v. State, 981 S.W.2d 958, 960 
(Tex. App.CAustin 
1998, pet. ref=d) 
(holding that no arrest occurred even though officer read appellant DIC-24 
warnings because A[a]ppellant 
and the State both agree[d] and the record affirm[ed]@ 
that appellant was not under arrest).

Here, 
the affidavit supporting the information stated that the trooper read Porter the 
statutory warnings, and the record includes a copy of the DIC-24 form signed by 
Porter.  But Porter testified that 
he did not think the trooper was arresting him at the hospital, and we defer to 
the trial court=s 
determination that Porter was a credible witness.  See Kelly, 163 S.W.3d at 
727.  Additionally, all other 
evidence indicates that Porter was not under arrest on May 25, 2003. Porter was 
not restrained in any way, he was not taken to a police station, he was not 
booked, and he did not have to post bond.  
The only evidence pointing to arrest is the trooper=s 
use of the DIC-24 form before taking a sample of Porter=s 
blood, but the ultimate determination of whether Porter was arrested cannot 
hinge on this fact alone.  See 
Medford, 13 S.W.3d at 772-73 (quoting Smith, 153 Tex. Crim. at 232, 
219 S.W.2d at 456).  The trooper may 
have used the DIC-24 form out of cautiousness, not because he intended to place 
Porter under arrest.  See Dancy 
v. State, 728 S.W.2d, 772, 777 (Tex. Crim. App.), cert. denied, 484 
U.S. 975 (1987) (stating that merely reciting Miranda warnings is more 
indicative of proper cautiousness than of officer=s 
intent to arrest). 

We 
hold that, deferring to the trial court=s 
resolution of disputed facts, the trial court did not err by concluding that 
Porter was not arrested on May 25, 2003.  
Therefore, Porter=s 
right to a speedy trial did not attach until the State filed an information on 
November 30, 2004.  See 
Marion, 404 U.S. at 313, 92 S. Ct. at 459; Dragoo, 96 S.W.3d at 
313.  Porter concedes that his 
speedy trial rights were not violated by the three-month delay between the 
November 30, 2004 filing of the information against him and the hearing on his 
motions for speedy trial and to dismiss.  
Because this delay does not satisfy the first prong of the Barker 
test, we need not address the remaining prongs.  See Doggett, 505 U.S. at 652 n.1, 
112 S. Ct. at 2691 n.1; Barker, 407 U.S. at 530, 92 S. Ct. at 2191-92; 
Shaw, 117 S.W.3d at 889.  
Accordingly, we hold that the trial court did not err by denying 
Porter=s 
motion to dismiss for want of a speedy trial.  We overrule Porter=s 
only point.
IV. 
Conclusion
Having 
overruled Porter=s 
only point, we affirm the trial court=s 
judgment.
 
 
 
 
SUE 
WALKER
JUSTICE
 
PANEL 
B:   WALKER, DAUPHINOT, and 
MCCOY, JJ.
 
MCCOY, J. 
concurs without opinion.
 
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED: 
December 8, 2005




[1]See Tex. R. App. P. 
47.4.

[2]The affidavit supporting 
the information sets forth the following facts of the case.  

[3]See Tex. 
Transp. Code Ann. ' 724.015 (Vernon Supp. 
2005).