Rita L. SNABB, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–115–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 1984.

Sam R. Fugate, Kingsville, for appellant.

T.R. Bandy, Jr., Co. Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Appellant was convicted by the court of the misdemeanor offense of escape. Punishment was assessed by the court at a fine of $100.00 and thirty days in jail. The jail term was probated for one year.

Appellant's keys were found in the restaurant at the Corpus Christi International Airport. She was paged on the public address system, and, when she claimed her keys from Officer Mitchell, he determined that appellant was intoxicated. The officer returned her keys on the condition that someone else would drive her, otherwise she would be arrested if he caught her driving in her inebriated state.

Appellant agreed to the officer's condition, but then disregarded his warning. When appellant attempted to leave the airport parking lot in her vehicle, Officer Mitchell and his partner pursued appellant on foot and eventually stopped appellant, but not without considerable difficulty.

Officer Mitchell advised appellant she was under arrest, then ordered her to gather her possessions, lock her vehicle, and come with him. Appellant became abusive, refused to cooperate, and then began to run from the officer. She disregarded his command to stop and did not stop until

Officer Mitchell chased her down and grabbed her by the arm.

In a single ground of error, appellant alleges the evidence is insufficient to show that she was under arrest or that she actually escaped from the custody of the officers.

TEX.PENAL CODE ANN. § 38.07(a) (Vernon 1974) provides as follows:

"A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody."

"The elements of escape are that a person (1) escape (2) from custody (3) after having been arrested for, charged with or convicted of an offense." *Henderson v. State,* 600 S.W.2d 788, 789 (Tex.Crim.App.1979).

Officer Mitchell testified that when he advised appellant she was under arrest and to gather her possessions, the window of the car was rolled down and he was talking with her face to face. He also testified that when so advised, appellant became irate and began to use profanity. Mitchell's partner, Officer Bates, testified that appellant stated to the officers that they were security guards and could not arrest her.

█ Obviously, the officers intended to arrest appellant, and they were ultimately successful. However, the offense of escape occurs *after having been arrested,* not before the arrest is complete.

TEX.CODE CRIM.PROC.ANN. Art. 15.- 22 (Vernon 1977) provides that:

"A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant."

In *Smith v. State,* 219 S.W.2d 454 (Tex. Crim.App.1949), the court set out the following facts:

He [defendant] was then approached by an officer who grabbed him from behind, disarmed him and told him to come and go to jail, at which time he refused to go, and the difficulty then ensued as the two officers attempted to detain him. He

escaped and left the officers who were unable to detain him. Subsequently . . . they peacefully took appellant into custody.

219 S.W.2d at 456.

The issue in *Smith* was whether the defendant's resistance was admissible as res gestae of the offense or inadmissible as proof of an extraneous offense. In holding that the proceedings relative to defendant's arrest were properly admitted, the Court of Criminal Appeals wrote:

An arrest of a person carries with it an element of detention, custody or control of the accused. The mere fact that an officer makes the statement to an accused that he is under arrest does not complete the arrest. There must be custody or detention and submission to such arrest.

219 S.W.2d at 456. Also:

He was either under arrest or not under arrest; and it is the writer's opinion that the arrest had not been completed. He had to be taken into custody and detained. While he may have been told that he was under arrest, still when the officer attempted to complete the arrest, appellant refused to submit thereto, and his arrest and detention were not completed. It had to again take place, all the proceedings consuming about five minutes.

*Id.* at 457.

█ In light of *Smith,* we are constrained to hold that appellant's arrest was not complete when she fled from Officer Mitchell. The elements of detention and control were lacking, and appellant refused to submit to the officer's authority. This is demonstrated by Officer Mitchell's own testimony:

Q. She ran about 20 feet, and you grabbed her. You had to physically restrain her. Is that correct?

A. Yes, sir.

Q. Okay. At that time, when you physically restrained her, that was really the first time that her movement was actually totally restrained. Is that correct?

A. Yes, sir, that's correct.

Q. All right. And, from that point on, you had hold of her?

A. Yes, sir.

Q. And, she wasn't getting away from you at that point.

A. Well, she tried to get away. We had—Like I said, it was beginning to look like we was going to drag her.

Q. You had to fight with her and drag her?

A. All the way to the terminal.

Q. All the way to the terminal. And, when did you put handcuffs on her?

A. We put the handcuffs on her once we got her inside at the checkpoint. We had one of the female attendants officers search her for us, and then we handcuffed her and sat her down on the chair.

In *McCrory v. State*, 643 S.W.2d 725 (Tex.Crim.App.1982), the court wrote:

It is doubtful that Texas law recognizes such a thing as being placed under "formal" arrest. "A person is arrested when he has been placed under restraint or taken into custody...." Article 15.-22, V.A.C.C.P. No form of words is required, *White v. State*, 601 S.W.2d 364 (Tex.Crim.App.1980).

643 S.W.2d at 726 n. 3. Cases determining the "point of arrest" under TEX.CODE CRIM.PROC.ANN. Art. 15.22 (Vernon 1977) have concluded that an arrest occurs at the moment that a person's freedom of movement is restricted or restrained. *White*, at 601 S.W.2d 365–66.

In *White*, the defendant was under arrest when held at gunpoint in a spread-eagled position. In *Hardinge v. State*, 500 S.W.2d 870 (Tex.Crim.App.1973), the officer testified that he "held" the defendant. The court wrote:

"It is not the actual physical taking into custody that will constitute an arrest. An arrest is complete whenever a person's liberty of movement is restricted or restrained. In the situation at bar, the arrest took place when Gonzales 'held' appellant for the San Antonio Police."

500 S.W.2d at 873. However, the opinion in *Hardinge* is silent as to what actions constituted "held." In *Maldonado v. State*, 528 S.W.2d 234 (Tex.Crim.App. 1975),[1] the defendant had paid his fines and was walking out of the courthouse when "stopped" by a DPS investigator. 528 S.W.2d at 237. The court held the defendant was "under arrest"; writing:

For the next three hours, or between 9:00 a.m. and noon, Prince continued to talk to appellant in a room in the Sheriff's office at the courthouse. Although appellant was apparently left unattended at times for this three hour period, he was nevertheless restrained of his liberty. Prince had already once restrained appellant from leaving the courthouse. If Prince had observed him trying to leave again, it is reasonable to infer that he would have stopped him again.

*Id.*

We conclude that in the instant case appellant's liberty of movement·was not restricted or restrained until she was chased and grabbed by Officer Mitchell. In the State's brief, seven events are set out to show that "dominion and control were being exercised over her." We note that all of these occurred while appellant was in her car being chased by the officers who were on foot.

We disagree with the State that verbal commands were sufficient to effect an arrest when appellant refused to submit to those commands. In *Wyatt v. State*, 120 Tex.Cr.R. 3, 47 S.W.2d 827 (1932), the offense was aiding a prisoner to escape. The "prisoner" was one Hines, about whom the court stated, "it seems apparent that the officer did not at any time have Hines in custody or under his control...." *Id.* at 829. Essential to the conviction of the defendant was that the prisoner be under arrest. The court reversed, notwithstanding that Hines had been ordered out of the field a half-dozen times by the constable, was told the constable had two warrants

---

1. *Maldonado* was partially overruled on an unrelated issue of standing in *Sullivan v. State*, 564 S.W.2d 698, 704 (Tex.Crim.App.1977).

for his arrest, was kicked, and then did get through the fence when the constable pulled his pistol. *Id.* 47 S.W.2d at 828.

In *Wyatt,* the court set out the following quotation:

> To constitute an arrest it is necessary that the officer should assume custody and control over the party, either by force or with his consent, and it has been held that neither the utterance of words indicating an intention to arrest on the part of the person uttering them, nor the reading of the warrant is of itself sufficient.

*Id.* 47 S.W.2d at 829.

■ It would appear that appellant violated TEX.PENAL CODE ANN. § 38.04 (Vernon 1974) which makes it an offense to intentionally flee from a peace officer *attempting* to arrest him. However, the State sought to impose the harsher penalty provided for in the escape statute. By so choosing, the State assumed the burden to prove a completed arrest and custody. The State showed that the officers had a difficult time apprehending appellant as she did not want to be detained; this is not enough. We hold the evidence is insufficient to show that appellant escaped from an arrest or from custody. The judgment of the trial court is reversed and a judgment of acquittal entered.