Gerald JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–471–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 1, 1992.

Discretionary Review Refused
Jan. 27, 1993.

John F. Carrigan, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, Asst. Dist. Atty., Houston, for appellee.

Before GILBERTO HINOJOSA, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

GILBERTO HINOJOSA, Justice.

Appellant, Gerald Johnson, was indicted for the offense of escape. *See* TEX.PENAL CODE ANN. § 38.07 (Vernon 1985). A jury convicted him and assessed punishment at forty years in the Texas Department of Criminal Justice, Institutional Division. By two points of error, appellant complains that the trial court erred in holding the trial while he was in jail clothing, and that the evidence is insufficient to sustain the conviction. We affirm.

The evidence showed that appellant and a female friend entered a store to cash a check. The payee on the check was a person named Robert White. Appellant presented the check to the proprietor to be cashed. The proprietor, who knew Robert White, immediately realized that appellant was not Robert White. The proprietor called the police, and began stalling. Appellant demanded the check's return. His female companion left the store when the proprietor refused to return the check. When appellant attempted to leave, the proprietor turned a key behind the counter, automatically locking all doors to his store. Appellant was unable to leave.

Two police officers soon arrived and the proprietor unlocked the doors. They talked with appellant and the proprietor. Unsure whether charges could or would be filed, one officer called the Harris County District Attorney's Office. The other officer stayed with appellant. The District Attorney's Office informed the officer over the phone that charges would be filed. The officer then gave a signal to arrest appellant.

At that point, Officer Catherine Coleman, who was with appellant, stated that he was under arrest. She told him to spread his legs and put both hands on a rail which was attached to the wall. She pulled out her handcuffs, and prepared to cuff appellant. Initially appellant complied. However, while she was patting him down, appellant turned, pushed Officer Coleman back, and ran out the door.

Appellant was apprehended a few minutes later after a short chase. He was indicted and convicted of escape. He now appeals.

In appellant's second point of error he complains that the evidence is insufficient to establish that he was "arrested" as that term is used in the escape statute. This statute provides:

(a) A person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense; ....

TEX.PENAL CODE ANN. § 38.07 (Vernon 1985). Appellant argues that the case law interpreting the term "arrest" under this statute requires proof that the defendant was actually detained and controlled by the officer, and that such proof is lacking here.

Appellant relies upon three decisions, *Gilbert v. State,* 787 S.W.2d 233 (Tex.App.–Fort Worth 1990, no pet.), *Snabb v. State,* 683 S.W.2d 850 (Tex.App.–Corpus Christi 1984, no pet.), and *Casey v. State,* 681 S.W.2d 178 (Tex.App.–Houston [14th Dist.] 1984, pet ref'd). *Snabb,* in particular, is based on the theory that evidence of actual detention and control are required to prove an arrest as that term is used in § 38.07.

In *Snabb,* the facts showed that the officers told the defendant that she was under arrest. They directed her to gather her possessions, lock her car, and to come with them. At that point she fled. This Court held that the arrest was not complete when the defendant fled. We relied upon *Smith v. State,* 153 Tex.Crim. 230, 219 S.W.2d 454 (1949). In *Smith* the officers grabbed the defendant, told him to come with them to

jail, and a scuffle broke out between the officers and the defendant. *Id.* at 455. The defendant left, but was later apprehended. The Court held that no arrest occurred at the initial encounter. Evidence of actual detention, custody and control were not present in either *Smith* or *Snabb.*

These decisions interpreting § 38.07 reflect the common law of arrest. At common law, either submission to a show of authority or actual physical touching by the police officer constituted an arrest. *See California v. Hodari D.,* —— U.S. ——, —— – ——, 111 S.Ct. 1547, 1550–51, 113 L.Ed.2d 690 (1991); *Smith,* 219 S.W.2d at 456 (submission, custody and detention are required).

However, in 1987 the Court of Criminal Appeals adopted a different, less restrictive interpretation of when an arrest occurs based on *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). In *Mendenhall* DEA agents accosted the defendant in the Detroit Airport after she deplaned from a flight from Los Angeles. They requested identification and her plane ticket. The agents determined that the name on appellant's ticket and her driver's license were different, and that she fit the drug courier profile. They asked her to accompany them to a private room, and she agreed to do so. While in the private room, appellant consented to a search, and drugs were discovered.

She moved to suppress the evidence before trial. The evidence was admitted, and she was convicted. On appeal to the Supreme Court of the United States, the Court held that appellant had not been "seized" within the meaning of the Fourth Amendment because the initial police encounter occurred in a public place, the police did not wear guns or uniforms, and merely approached the defendant. The Court stated the test for determining when someone has been seized is the point that "a reasonable person would have believed that he was not free to leave." *Mendenhall,* 446 U.S. at 554, 100 S.Ct. at 1876; *see also Michigan v. Chesternut,* 486 U.S. 567,

573, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988); *INS v. Delgado*, 466 U.S. 210, 215, 104 S.Ct. 1758, 1761, 80 L.Ed.2d 247 (1984); *Florida v. Royer*, 460 U.S. 491, 502, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983). Since there was no coercion involved, and the police merely approached the defendant to ask several questions, the Court determined that the defendant had not been seized.

In *Morris v. State*, 739 S.W.2d 63 (Tex. Crim.App.1987), the Court adopted the *Mendenhall* test, and held that the defendant was "arrested" and in "custody" as these terms apply to § 38.07(a)(1) at the time "a reasonable person would have believed that he was not free to leave." *Id.* at 66. The evidence in *Morris* showed that the police suspected the defendant of car theft. An officer on a surveillance team observed him driving a stolen car. An informant told the police that the defendant would visit his parole officer at a particular time. The police officer who observed the defendant was present at the meeting with the parole officer and identified him. The police officer informed him that he was under arrest, gave him *Miranda* warnings, called a backup unit, and asked some questions about the incident. The parole officer informed the defendant that he would go back to prison only if he was convicted. At that point appellant ran and was captured.

Morris was charged with escape. TEX.PENAL CODE ANN. § 38.07(a)(1). The issue in his appeal was whether he was arrested before he ran from the police. Court of Criminal Appeals applied the *Mendenhall* test and found that the defendant was not free to leave and therefore arrested under § 38.07. *See also Royer*, 460 U.S. at 504, 103 S.Ct. at 1327.

In footnote two the *Morris* Court noted that its new interpretation of "arrest" and "custody" conflicted with that of *Snabb*. We agree and expressly overrule *Snabb*. Applying the *Mendenhall* test to the facts in *Snabb*, it is clear that a reasonable person would have believed she was not free to leave after the police officers informed her that she was under arrest, directed her to retrieve her possessions, and ordered her to come with them. *See Snabb*, 683 S.W.2d at 850.

■ In the instant case, the evidence showed that appellant was informed he was under arrest, he was told to spread his legs and arms, and the officer initiated a pat-down search of his person. Appellant then fled. Like *Morris*, this evidence supports the jury's implied finding that a reasonable person would not have believed that he or she was free to leave. We hold this evidence is sufficient to sustain the verdict under the appropriate standard of review, which is whether any rational trier of fact, viewing all the evidence in the light most favorable to the verdict, could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 158–59 (Tex. Crim.App.1981). This evidence also shows submission to lawful authority as well as detention and control. *See Smith*, 219 S.W.2d at 456; *cf. Hodari D.,* — U.S. at ———-——, 111 S.Ct. at 1550–51. Thus, even under the common law analysis the evidence is sufficient to sustain the conviction. Appellant's second point of error is overruled.

■ Appellant's first point complains that the jury trial infringed on his right to the presumption of innocence because he appeared before the jury in jail clothing. Appellant relies upon *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). We disagree.

In *Estelle*, before trial the defendant asked the jailor for street clothes to wear in front of the jury. His request was denied. He did not object at trial. The jury returned a verdict of guilty. In a subsequent *habeas corpus* proceeding, he argued that he was denied the presumption of innocence because he was compelled to appear before the jury in jail clothing. The

Supreme Court of the United States agreed that a defendant "should not be compelled to go to trial in prison or jail clothing ...;" however, the Court held that the defendant's failure to object negated any compulsion otherwise raised in the record. *Id.* at 504, 96 S.Ct. at 1693. The opinion was based on the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Equal Protection Clause.

Similarly, the Court of Criminal Appeals recently held that Texas law prohibits a defendant from being compelled to stand trial in prison garb. *Randle v. State*, 826 S.W.2d 943 (Tex.Crim.App.1992). The *Randle* Court held that Tex.Code Crim. Proc.Ann. art. 2.03(b) (Vernon 1990)[1], imposed upon appellant's attorney, the State's attorney, and the trial court a duty to ensure that the defendant receive a fair trial. The conviction in *Randle* was reversed because the defendant's attorney objected to being tried in prison garb. The Court noted that both the prosecutor and the trial court breached their duty to provide the defendant with a fair trial by allowing the trial to proceed with appellant dressed in jail clothing.

Texas law and federal law are similar in the respect that both prohibit *compelling* the defendant to be presented to the jury in jail clothing. These decisions are founded on the premise that a jury may, consciously or unconsciously, draw improper inferences regarding the accused's guilt because he is in jail attire. However, appellant's argument that he was *compelled* to stand before the jury in jail clothing is not convincing on this record.

The record shows that the defendant stated that he did not wish to be presented before the jury in jail clothing. He requested more time for his family to bring him clothes. He needed more time because they were out of town at a funeral. The trial court then offered appellant the opportunity to appear before the jury in the clothes he was wearing when he was arrested. Appellant declined because it was a jogging outfit. The record also reflects that he was offered other street clothes, but declined to wear them for an unstated reason. After a lengthy delay, which involved appellant requesting new counsel and different clothes, the trial court ruled that appellant was going to trial in jail attire. No further objection was lodged.

The trial court offered the defendant the opportunity to wear either his jogging outfit, and more importantly, street clothes. He refused. Unlike the jail clothing, this apparel does not imply or suggest that appellant is guilty. Thus, the concerns of *Estelle* and *Randle* are not raised. To hold otherwise would require us to entertain the notion that the Due Process Clause or art. 2.03(b) provide a defendant the right to appear before the jury in clothes of his choice, and perhaps of a particular style. We decline to do so.

We find that the defendant was not *compelled* to wear jail clothing before the jury. Appellant's first point of error is overruled.

Appellant's conviction is AFFIRMED.

---

1. Article 2.03(b) provides:
   It is the duty of the trial court, the attorney representing the accused, the attorney representing the state and all peace officers to so conduct themselves as to insure a fair trial for both the state and the defendant, not to impair the presumption of innocence, and at the same time afford the public the benefits of a free press.
   Tex.Code Crim.Proc.Ann. art. 2.03(b) (Vernon 1990).