TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00700-CR






Michael Howard Bradley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 17,887, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of felony escape and assessed punishment, enhanced
by a previous felony offense, at imprisonment for five years. Penal Code, 63d Leg., R.S., ch.
399, sec. 1, § 38.07, 1973 Tex. Gen. Laws 883, 950, amended by Act of May 26, 1985, 69th
Leg., R.S., ch. 328, § 1, 1985 Tex. Gen. Laws 1391 (Tex. Penal Code Ann. § 38.07, since
amended and renumbered as § 38.06). In his only point of error, appellant contends the evidence
is legally insufficient to sustain the conviction.

 Around 1:00 a.m. on October 7, 1990, Cameron police officer Charles Lynch
observed a red Porsche automobile in which appellant was a passenger. Lynch knew that there
was an outstanding warrant for appellant's arrest for a parole violation. Intending to arrest
appellant on that warrant, Lynch turned on the overhead lights of his patrol vehicle and succeeded
in stopping the Porsche. Lynch walked to the passenger side of the car and told appellant, "Mike,
get out of the car, you're under arrest for parole violation." As appellant got out of the car, Lynch said, "Put your hands on the car, Michael, you're under arrest." At this
point, Lynch was within arm's reach of appellant but had not touched him. Instead of complying
with Lynch's instructions, appellant "kind of looked around and he took off" running. Lynch and
another officer briefly pursued appellant, but did not catch him.

 A person commits an offense if he escapes from custody when he is under arrest. 
Sec. 38.07(a)(1) (now sec. 38.06(a)(1)). The indictment in this cause alleged that appellant
"intentionally and knowingly escaped from the custody of Charles Lynch, a peace officer, after
the said [appellant] had been arrested for the offense of felony parole violation." Appellant
contends the State failed to prove the alleged offense because the evidence demonstrates that he
was not under arrest when he fled from the officer.

 A person is arrested when he has been actually placed under restraint by an officer. 
Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977). It is not the actual physical taking into
custody that will constitute an arrest, but an arrest occurs when a person's liberty of movement
is restricted or restrained. Hardinge v. State, 500 S.W.2d 870, 873 (Tex. Crim. App. 1973); see
also Amores v. State, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991); White v. State, 601 S.W.2d
364, 365-66 (Tex. Crim. App. 1980); Bell v. State, 845 S.W.2d 454, 459 (Tex. App.--Austin
1993, no pet.). The mere fact that an officer tells a person that he is under arrest is not enough
to complete the arrest. The officer must assume custody and control over the party. Smith v.
State, 219 S.W.2d 454, 456 (Tex. Crim. App. 1949); Burkhalter v. State, 642 S.W.2d 231, 233
(Tex. App.--Houston [14th Dist.] 1982, no pet.).

 The facts in this cause are similar to those in Snabb v. State, 683 S.W.2d 850 (Tex.
App.--Corpus Christi 1984, no pet.). In that case, an airport security officer saw the defendant,
whom he knew to be intoxicated, attempting to drive out of the parking lot. The officer and his
partner pursued the defendant on foot and succeeded in stopping her. The officer told the
defendant she was under arrest and ordered her to gather her possessions, lock her car, and come
with him. The defendant cursed the officer, refused to cooperate, and ran away in disregard of
his command to stop. Based on this evidence, the defendant was convicted of escaping from the
officer's custody following arrest. After discussing many of the opinions cited in the preceding
paragraph, the court of appeals reversed, holding that the defendant's arrest was not complete
when she fled from the officer because the requisite elements of detention and control were absent.

 The State relies on the opinion in Harrell v. State, 743 S.W.2d 229, 231 (Tex.
Crim. App. 1987). The defendant in Harrell was arrested and jailed, but later became ill and was
taken to a hospital. He was not under guard at the hospital but had been told that he remained
under arrest. The defendant left the hospital and travelled to another state. Convicted of escape,
the defendant argued that he was not in custody when he left the hospital. The Court of Criminal
Appeals disagreed, holding that actual, physical restraint is not a prerequisite to a showing of
custody in the context of the offense of escape. The court concluded that the defendant's legal
status as an arrestee was not dependent on his physical location and that he remained in custody
at the hospital. 

 The issue in Harrell was not what constitutes an initial arrest, but whether the
defendant remained under arrest and in custody when he was taken to the hospital. The issue
before us, on the other hand, is whether appellant was ever arrested in the first place. Harrell
teaches that actual physical restraint is not a necessary prerequisite to continuing custody after an arrest. The opinion does not purport to dispense with the necessity of establishing physical
control in order to effect an arrest. 

 The two other escape opinions to which we are cited also discuss the degree of
restraint required for "custody" rather than the degree of restraint required to accomplish an
arrest. Casey v. State, 681 S.W.2d 178 (Tex. App.--Houston [14th Dist.] 1984, pet. ref'd)
(prosecution for escaping custody after being charged with offense); Martin v. State, 654 S.W.2d
473 (Tex. App.--Waco 1982), rev'd on other grounds, 652 S.W.2d 777 (Tex. Crim. App. 1983)
(prosecution for escaping from penal institution following conviction). The discussions of the
nature of custody found in these opinions do not speak to the issue of whether appellant was under
arrest when he ran from Officer Lynch.

 Like the defendant in Snabb, appellant was shown to have fled from an officer who
was attempting to arrest him. While the evidence might be sufficient to prove appellant guilty of
evading arrest, the State chose to accuse him of the more serious offense of escape. By its
pleading, the State assumed the burden of proving a completed arrest. Because the evidence
shows that Lynch never succeeded in securing custody and control over appellant, the State did
not satisfy that burden. 

 Accordingly, we reverse the judgment of conviction and render a judgment of
acquittal.


Before Justices Powers, Aboussie and Kidd

Reversed and Rendered

Filed: January 10, 1996

Do Not Publish



or restrained. Hardinge v. State, 500 S.W.2d 870, 873 (Tex. Crim. App. 1973); see
also Amores v. State, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991); White v. State, 601 S.W.2d
364, 365-66 (Tex. Crim. App. 1980); Bell v. State, 845 S.W.2d 454, 459 (Tex. App.--Austin
1993, no pet.). The mere fact that an officer tells a person that he is under arrest is not enough
to complete the arrest. The officer must assume custody and control over the party. Smith v.
State, 219 S.W.2d 454, 456 (Tex. Crim. App. 1949); Burkhalter v. State, 642 S.W.2d 231, 233
(Tex. App.--Houston [14th Dist.] 1982, no pet.).

 The facts in this cause are similar to those in Snabb v. State, 683 S.W.2d 850 (Tex.
App.--Corpus Christi 1984, no pet.). In that case, an airport security officer saw the defendant,
whom he knew to be intoxicated, attempting to drive out of the parking lot