

# NUMBERS 13-12-00589-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DAVID NORWAY WINSTEAD,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

A jury convicted appellant David Norway Winstead of tampering with physical evidence, *see* TEX. PENAL CODE ANN. § 37.09(a) (West, Westlaw through 2013 3d C.S.), and possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2013 3d C.S.). The jury found the enhancements

"true" and sentenced Winstead to thirty years in the Texas Department of Criminal Justice Institutional Division for tampering with physical evidence and seven years for possession of a controlled substance, with the sentences ordered to run concurrently. By eight issues, Winstead contends: (1) the State filed an untimely notice of its intent to enhance punishment; (2) the trial court erred in allowing Winstead to wear a jail suit during jury selection; (3) the trial court erred in not providing a defensive instruction; (4–5) the trial court erred in admitting certain evidence at his punishment trial in violation of Texas Rule of Evidence 609(a) and his right to confrontation; (6) the trial court erred in "improperly allowing the consideration of the enhancement charge" at his punishment trial; (7) the trial court erred in not declaring a mistrial when the State allegedly commented on Winstead's right not to testify during jury argument; and (8) counsel provided ineffective assistance. We affirm.

## I. WRITTEN NOTICE OF INTENT TO ENHANCE PUNISHMENT

By his first issue, Winstead asserts that his conviction should be set aside because the trial court erred when it allowed the State to seek enhancement charges without timely written notice.

### A. Applicable Law

In determining whether appellant received sufficient notice of the State's intent to enhance punishment, reviewing courts look to the record to identify whether the timing of the State's notice impaired an appellant's defense. *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). When the accused has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies due process. *See id.*

2

The trial court may cure any notice problem by granting a continuance. *Id.*

Proper notice of intent to enhance punishment must be given in a timely manner, but it need not be pleaded in the indictment itself to be considered proper notice, so long as it is pleaded "in some form." *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (en banc). With respect to the timeliness of the notice, the Texas Court of Criminal Appeals has held that the *Brooks* notice requirement is of constitutional origin and that the ultimate question is whether constitutionally adequate notice was given. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). There is no bright-line rule for constitutionally adequate notice. *Fugate v. State*, 200 S.W.3d 781, 783 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g) (concluding that under the circumstances, "appellant received 'constitutionally adequate' notice when he received notice seven days before the guilt-innocence phase").

## B. Discussion

On August 15, 2012, approximately three weeks before trial began on September 4, 2012, the State filed its notice of intent to enhance Winstead's sentence based on two prior felony convictions. During a hearing on pretrial motions on the first day of trial, Winstead objected that the State's notice to enhance his sentence "with two prior convictions making it a 25 to 99 or life potential punishment range" was not timely. Winstead represented to the trial court that he did not receive the notice until August 28, 2012, when it was faxed to his defense counsel. Winstead argued that notice was not adequate in "this particular case because there are two separate charges that [the State is] going on. It's not a simple case. . . . [I]t's a little bit more complex than a regular case." The State responded that it filed its notice of enhancement before trial and that it

3

provided adequate notice of its intent to upgrade Winstead's punishment. The State also represented to the trial court that the potential for enhancement was "of much discussion" during plea negotiations. The trial court overruled Winstead's objection. Winstead did not request a continuance in order to prepare his defense in light of the State's notice.

Our review of the record does not reveal that the timing of the State's notice impaired Winstead's defense. *See Pelache*, 324 S.W.3d at 577. Winstead does not dispute that the potential for enhancement was discussed during plea negotiations. The State pleaded its intent to enhance Winstead's punishment through a notice filed almost three weeks before trial. And, at a minimum, as acknowledged by Winstead, he received written notice one week before the trial began. At the pre-trial hearing, Winstead's counsel also recognized that if the jury found the enhancements to be "true," Winstead would be subjected to a possible life sentence. Winstead did not argue that he had a defense to the enhancement allegations, and he did not suggest the need for a continuance to secure additional time to prepare such a defense, if any. *See id.* Winstead objected to the timing of the State's notice because he stood accused of two offenses rather than one, making this "a little bit more complex" case. However, because the State alleged the same two prior convictions to enhance each of the underlying offenses, it cannot be said that any possible defense to these prior convictions was impaired by the fact that he was standing trial for two underlying offenses, rather than one.

Based on the above, we conclude that the trial court did not err when it determined that Winstead received sufficient notice of the State's intent to enhance punishment. We overrule Winstead's first issue.

4

## II. APPEARANCE IN JAIL CLOTHES

By his second issue, Winstead contends that the trial court erred when it allowed him to wear a jail suit during jury selection. Winstead asserts that he should not have been compelled to stand trial before a jury while dressed in identifiable prison clothes because he was not competent when he waived his right to be tried in clothing other than prison "garb." Without providing supporting authority and citation to the record, *see* TEX. R. APP. P. 38.1, Winstead nonetheless claims that the evidence is clear that he suffers from attention deficit disorders and schizophrenia that requires medication; so the trial court should have ordered a competency examination to ascertain that he was mentally competent to waive that right during jury selection.[1]

### A. Applicable Law

Due process requires that a defendant not be compelled to stand trial in jail clothes. *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Such compulsion interferes with the presumption of innocence and the defendant's right to a fair trial. *Randle v. State*, 826 S.W.2d 943, 944–45 (Tex. Crim. App. 1992) (en banc) (per curiam) (citing *Estelle*, 425 U.S. at 512); *Johnson v. State*, 838 S.W.2d 906, 909 (Tex. App.—Corpus Christi 1992, pet. ref'd) (citing *Randle*, 826 S.W.2d at 944–45). However, a defendant must object to being tried in jail clothes before he may later complain about it on appeal. *See Estelle*,

---

[1] Winstead also summarily asserts that the evidence is insufficient to convict him. He cites only to *Salinas v. State* and asserts the following legal proposition: in considering a legal sufficiency of the evidence challenge, the court must review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential element of the offense charged beyond a reasonable doubt. *See* 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). Without more, we conclude that any sufficiency argument is inadequately briefed. *See* TEX. R. APP. P. 38.1 (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

425 U.S. at 507.

## B.   Discussion

Approximately three months before trial, a psychiatrist evaluated Winstead and concluded that he was competent to stand trial.   At the start of jury selection, Winstead did not object to appearing in jail clothes; instead, Winstead informed the trial court that he wished to appear in jail clothes to select his jury, explaining that "[he felt] like people [would] be able to see the content of [his] character and not the color of [his] uniform." The trial court warned Winstead that such an appearance in front of the jury could interfere with his right to be presumed innocent.   The trial court offered him an opportunity to change clothes; Winstead declined, against the advice of his counsel.   *See id.* at 512 (explaining that it is not an uncommon defense tactic to produce the defendant in jail clothes in hope of eliciting sympathy from the jury).

Even though Winstead chose to appear in jail clothes, he now argues that the trial court should have, *sua sponte*, ordered a second competency evaluation to ascertain whether he was mentally competent to waive his right to appear in civilian clothing. However, the *Estelle* Court concluded the following regarding a trial court's obligation to raise this constitutional issue on its own motion when it involves a tactical aspect of the trial:   "Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney."   *Id.*   Having been provided assistance of counsel, the decision to appear in jail clothes rested with Winstead and his attorney.   *See id.*   Moreover, Winstead's decision to proceed in jail clothes is not evidence that raised a bona fide doubt as to his competency, *see Moore v.* State, 999 S.W.2d 385, 393 (Tex.

6

Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West, Westlaw through 2013 3d C.S.) (setting out that a defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence), such that the trial court was required to conduct an informal inquiry outside the presence of the jury to determine whether there was evidence to support a finding of incompetency to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West, Westlaw through 2013 3d C.S.); *see also Roberson v. State*, No. 13-10-00521-CR, 2011 WL 3821059, at *6 (Tex. App.—Corpus Christi Aug. 24, 2011, pet. ref'd) (memo. op., not designated for publication).

In sum, the record shows that the trial court did not compel Winstead to wear jail clothing during jury selection. Winstead did not object to wearing his jail uniform. *See Estelle*, 425 U.S. at 512. Instead, he chose to wear his jail clothing, expecting that the jury would look beyond his clothing to see his character. And we cannot conclude that the trial court should have *sua sponte* ordered a subsequent competency evaluation. We overrule Winstead's second issue.

### III. DEFENSIVE JURY INSTRUCTION

In his third issue, Winstead argues that the trial court erroneously omitted the following defensive jury instruction: "the State had the responsibility for maintaining [a dash camera video] and had not provided the same so that [the] assumption was that it was destroyed or lost and that the arrest video would have been beneficial to [Winstead]." Winstead claims that the dash camera video would have shown that one of the officers struck him with a flashlight during his arrest and would have been exculpatory in light of the officers testifying that they had to use extraordinary force to subdue him. Winstead

7

contends that the State either failed to maintain this video or withheld it.

## A. Applicable Law

The trial court is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). This judicial responsibility is codified in Texas Code of Criminal Procedure article 36.14, which provides, in relevant part, that "the judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case. . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West, Westlaw through 2013 3d C.S.). While the trial court is assigned this duty by statute, it has no affirmative duty to instruct the jury on unrequested defensive issues because such defensive issues are not the "law applicable to the case" within the meaning of article 36.14. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (en banc)). And, "[a] defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection." *Id.*

## B. Discussion

In this case, the record shows that Winstead did not request the defensive instruction that he now claims was omitted from the jury charge. Because he failed to request this defensive instruction, Winstead cannot now complain that the trial court erred in failing to include it. *See id.* And we do not review this alleged jury-charge error under *Almanza v. State*. 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc) (op. on reh'g). Such a review does not apply to unrequested defensive instructions. *See Posey*, 966 S.W.2d at 62. We overrule Winstead's third issue.

## IV. ADMISSION OF EVIDENCE AT PUNISHMENT TRIAL

### A. Non-Adjudicated Conduct

Winstead asserts in his fourth issue that the trial court erred in admitting evidence, during his punishment trial, of non-adjudicated conduct in violation of Texas Rule of Evidence 609(a).[2]   The State responds that the evidence was admissible at Winstead's punishment trial.   We agree with the State.

After a defendant is found guilty, the State may offer evidence as to any matter the trial court deems relevant to sentencing, including the defendant's prior criminal record, extraneous crimes, or bad acts.[3]   TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West, Westlaw through 2013 3d C.S.).   So evidence of unadjudicated conduct that was shown beyond a reasonable doubt to have been committed by Winstead or for which he could have been held criminally responsible and that would have been otherwise inadmissible

---

[2] Texas Rule of Evidence 609(a) states:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

TEX. R. EVID. 609(a).

[3] Article 37.07, section 3(a)(1) provides, in pertinent part, the following:

> [after a finding of guilt], evidence may be offered by the [S]tate . . . as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West, Westlaw through 2013 3d C.S.).

at the guilt/innocence phase of Winstead's trial was admissible at his punishment trial.[4]

*See id.* We overrule this fourth issue.

**B. NCIC/TCIC Report, Pen Packets, and Judgments of Conviction**

By his fifth issue, Winstead contends that the trial court erred in admitting certain testimony in violation of his right to confrontation. Winstead complains of Eliud Plata's testimony offered at the punishment phase of his trial regarding the content of National Crime Information Center (NCIC) and Texas Crime Information Center (TCIC) reports, pen packets, and judgments of convictions.

Plata, an investigator with the Cameron County District Attorney's Office, testified that he determined Winstead had been previously convicted of the two felony offenses on which the State sought an enhanced sentence. Defense counsel objected to Investigator Plata's testimony on the ground that all documents about which he testified, including the NCIC/TCIC reports, contained inadmissible hearsay.[5] The trial court overruled Winstead's hearsay objections.

On appeal, Winstead contends that the State introduced testimonial hearsay in violation of the Confrontation Clause. *See Davis v. Washington*, 547 U.S. 813, 823–24 (2006) (providing that testimonial hearsay implicates the Confrontation Clause, but non-testimonial hearsay does not). But a hearsay objection does not preserve error for

---

[4] Winstead does not challenge the sufficiency of the evidence that supports the unadjudicated conduct.

[5] Winstead also objected that Investigator Plata was not qualified to testify—i.e., that he had no personal knowledge of the information in any of the materials offered by the State to prove up previous arrests and certain bad acts. The trial court overruled that objection as to all materials. Winstead does not complain of this ruling on appeal. *See* TEX. R. APP. P. 47.1.

appellate review on Confrontation Clause grounds. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010); *see also Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). Winstead preserved nothing for our review with his hearsay objection in the trial court.[6] *See Davis*, 313 S.W.3d at 347; *see also Paredes*, 129 S.W.3d at 535. We overrule Winstead's fifth issue.

## V. READING OF ENHANCEMENT ALLEGATION

By his sixth issue, Winstead contends that his conviction should be set aside because the trial court erred when it improperly allowed "the consideration of the enhancement charge" and any supporting evidence during the punishment phase.

## A. Applicable Law

As a general rule, the State must read the enhancement allegation at the start of the punishment phase of the trial, and the defendant must enter a plea thereto; however, the failure to do so before offering evidence is not fatal. *Turner v. State*, 897 S.W.2d 786, 788 (Tex. Crim. App. 1995) (en banc); *Warren v. State*, 693 S.W.2d 414, 415–16 (Tex. Crim. App. 1985) (en banc). When the State fails to read the enhancement allegation before offering punishment evidence, no issue has been joined. *Warren*, 693 S.W.2d at 415. But this error can be cured by the trial court permitting a belated reading of the enhancement allegation to the jury and allowing the defendant to enter a plea

---

[6] Winstead also generally argues that the State offered evidence of other crimes, wrongs, or acts by Winstead in violation of Texas Rule of Evidence 403 and claims that this evidence was highly prejudicial to his defense. Yet Winstead did not preserve this argument for our review because he did not object on that basis in the trial court. *See id.* R. 33.1(a)(1) (providing that to preserve error for appellate review, a party must have presented to the trial court a timely request, objection, or motion, including specific grounds); *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (en banc) (op. on reh'g) ("[A]n objection that proffered evidence amounts to proof of an 'extraneous offense' will no longer suffice, by itself, to invoke a ruling from the trial court whether the evidence, assuming it has relevance apart from character conformity, is nevertheless subject to exclusion on the ground of unfair prejudice. Further objection based upon Rule 403 is now required.").

thereto. *Id.* at 416. Once the issue has been properly joined, the State may reintroduce the previously admitted punishment evidence or the parties may stipulate to the same. *See Welch v. State*, 645 S.W.2d 284, 285 (Tex. Crim. App. 1983) (en banc) (setting out that the proper procedure to place the evidence before the jury in these circumstances is to permit the State to reintroduce the evidence unless the defendant stipulates to the same); *see also Trammell v. State*, 445 S.W.2d 190, 193–94 (Tex. Crim. App. 1969).

## B. Discussion

After the trial court admitted all of the evidence at the punishment stage, it permitted the State to read the enhancement allegation to the jury. After the State read the enhancement allegation, Winstead entered a plea of "not true." The State did not reintroduce that punishment evidence. Winstead did not request that the evidence be removed from the jury's consideration. The trial court then read the punishment charge to the jury and allowed both sides to make closing statements. Finding the enhancement allegation supported by the evidence, the jury assessed punishment at thirty years' imprisonment for tampering with physical evidence and seven years' imprisonment for possession of a controlled substance.

On the facts of this case, the issue was properly joined when Winstead entered a plea of "not true" after the State belatedly read the enhancement allegation to the jury. There is no indication in the record that the State reintroduced the previously admitted punishment evidence. However, to preserve error on this issue, Winstead had to request that the evidence heard prior to his plea be removed from the jury's consideration. *See* Tᴇx. R. Aᴘᴘ. P. 33.1(a)(1); *compare Ridge v. State*, 855 S.W.2d 234, 235 (Tex. App.— Fort Worth 1993, no pet.) ("Any error by the trial court, in not requiring prior evidence to

12

be reintroduced or by allowing the jury to consider the evidence presented before the reading and taking of [the defendant's] plea, was waived by [defendant's] failure to object on that ground."), *with Hernandez v. State*, 190 S.W.3d 856, 871 (Tex. App.—Corpus Christi 2006) (asking the trial court to disregard evidence heard before a defendant's plea is sufficient to apprise the trial court of the proper method to reintroduce evidence), *Limon v. State*, 838 S.W.2d 767, 769 (Tex. App.—Corpus Christi 1992, pet. ref'd) (noting that a request that the evidence heard before the plea be removed from the jury's consideration was sufficient to point out to the trial court the proper method to reintroduce testimony), *and Dill v. State*, 697 S.W.2d 702, 709 (Tex. App.—Corpus Christi 1985, pet. ref'd) (holding that the defendant preserved error when he asked that the evidence heard before his plea be removed from the jury's consideration). Because Winstead did not make this request to the trial court, he waived any error that occurred in allowing the jury to consider such evidence. We overrule this sixth issue.

## VI. CLOSING ARGUMENT

Winstead asserts in his seventh issue that his conviction should be set aside because the trial court "erred in not declaring a mistrial when the State argued [in closing] that [Winstead] had not produced evidence of injuries during his arrest and thus comment[ed] [on] [his] right not to testify."

The proper method of pursuing an objection to an adverse ruling is to (1) make an objection, (2) request an instruction to disregard, and (3) move for a mistrial. *Koller v. State*, 518 S.W.2d 373, 378 (Tex. Crim. App. 1975). Although the record shows that during closing statements, the trial court sustained Winstead's objection to a portion of the State's argument and instructed the jury to disregard it, Winstead failed to request a

13

mistrial. Because Winstead did not request a mistrial after the trial court sustained his objection and instructed the jury to disregard, he failed to pursue his objection until he got an adverse ruling so there is nothing about which to complain on appeal. *See id.*; *see also Contreras v. State*, No. 13-00-00768-CR, 2002 WL 253842, at *3 (Tex. App.—Corpus Christi Feb. 21, 2002, no. pet.) (mem. op., not designated for publication) ("Because Contreras failed to request a mistrial after the court sustained his objection and instructed the jury to disregard, he failed to pursue his objection until he got an adverse ruling."). Winstead preserved no error for our review. *See Gallegos v. State*, 918 S.W.2d 50, 57 (Tex. App.—Corpus Christi 1996, pet. ref'd). We overrule Winstead's seventh issue.

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL

By his eighth issue, Winstead asserts that his conviction should be set aside because he received ineffective assistance of counsel at trial. He complains of the following instances when counsel was allegedly ineffective for failing to: (1) "properly object to [the] introduction of hearsay testimony in violation of [Winstead's] right to confrontation"; (2) "request a psychiatric examination of [Winstead] at the time of trial"; (3) "object to evidence which was highly prejudicial to [him]"; and (4) "request from the [trial] [c]ourt a limiting instruction to the jury on extraneous offenses."

### A. Applicable Law

*Strickland v. Washington* sets forth the standard with which we review claims of ineffective assistance of counsel. 466 U.S. 668, 688 (1984); *see Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc). In order to determine whether Winstead's trial counsel rendered ineffective assistance, we must first determine whether

14

Winstead has shown counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *See Strickland*, 466 U.S. at 688, 690–94. In assessing a claim of ineffective assistance of counsel, we indulge a strong presumption that "counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Winstead must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Stafford*, 813 S.W.2d at 508–09. Furthermore, the record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

## B. Discussion

Winstead does not develop the contentions that he urges in this issue. He complains that his trial counsel failed to properly object to the introduction of hearsay testimony but provides no further explanatory argument addressing the specific information contained in the NCIC/TCIC report, about which he now complains. Winstead also asserts that his trial counsel failed to request a psychiatric examination at the time of trial. Yet counsel did request, and the trial court ordered, a competency evaluation, so the record does not support this assertion. As to his third and fourth allegations, Winstead provides no citation or reference to the trial record or to supporting authority. *See* TEX. R. APP. P. 38.1(i).

In sum, Winstead provides no meaningful analysis to support this ineffective-assistance-of-counsel claim. Although Winstead provides general legal propositions, he

merely states in a conclusory fashion that "[u]nder these circumstances . . . [the] record contains error that with reasonable probability [without] counsel's unprofessional errors the result of the proceedings would have been different." We conclude that on this issue the briefing is inadequate. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

Nonetheless, our review of the appellate record in this direct appeal reveals no evidence regarding Winstead's counsel's trial strategy. *See Bone*, 77 S.W.3d at 833. The record does not rebut the presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Garcia*, 57 S.W.3d at 440; *Stafford*, 813 S.W.2d at 508–09; *see also Salinas*, 163 S.W.3d at 740. Winstead has not satisfied *Strickland*'s first prong. *See Strickland*, 466 U.S. at 690–94. We overrule Winstead's eighth and final issue.

## VIII. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of August, 2014.

16